MICHAEL J. CARROLL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37600.    Promulgated May 20, 1953.

*Michael J. Carroll*, pro se.
*W. D. Crampton, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* Petitioner has submitted no brief in this proceeding but we have considered his case carefully.

The reasonableness of the $5 a day for meals and lodging which petitioner claims for 1948 while employed by the War Department in a civilian capacity for service in Korea is not questioned, if petitioner is entitled to any deduction at all. Respondent has not disallowed the deduction on the ground of the unreasonableness of the amount. He stated his ground for disallowance in the deficiency notice as follows:

It is held that alleged traveling expenses of $1,540.00, incurred at your post of duty in Korea, are not allowable as a deduction in computing net income for the taxable year 1948.

Petitioner contends that he is entitled to a deduction of $1,540 for traveling expenses during the year 1948, and he relies on section 23 (a) (1) (A) and (a) (2) of the Code as applied in *Harry F. Schurer*, 3 T. C. 544, and *Wallace* v. *Commissioner*, 144 F. 2d 407. The facts in the instant proceeding do not bring petitioner's expenses within the ambit of the holdings of either of these two cases.

First, we consider section 23 (a) (1) (A) of the Code. The particular phrase we are concerned with is "traveling expenses * * * while away from home." This phrase has been considered by various courts, including the Supreme Court in *Commissioner* v. *Flowers*, 326 U. S. 465. In reaching a decision in this type case, a preliminary fact to be determined is where is the taxpayer's home within the meaning of the applicable statute. Once this fact has been decided, frequently the correct result then becomes readily apparent. Respondent contends that within the meaning of the applicable statute petitioner's home was in Korea. Petitioner contends that his home during 1948 was in Elyria, Ohio, where his wife and son lived and that his employment in Korea was "temporary." Petitioner's contentions are inconsistent with his travel orders and employment agreement as set forth in our Findings of Fact. As we understand these documents, petitioner's employment was for an "indefinite" term, rather than a "temporary" one. What we said in *Henry C. Warren*, 13 T. C. 205, is applicable here:

Petitioner cites *E. G. Leach*, 12 T. C. 20, in support of the disputed deductions. In that case the taxpayer husband was temporarily employed at numerous locations during the course of a taxable year. A deduction for travel expenses was allowed by this Court on the ground that the taxpayer had no regular post of

duty or place of employment during the taxable year. In the case at bar petitioner was continuously employed at one post of duty, the Navy Yard in Charleston, South Carolina, for more than two years. His employment there was not temporary, but indefinite. There is a well recognized difference between "indefinite" employment and "temporary" employment. *John D. Johnson, supra.*
* * *

An examination of paragraph 6 of petitioner's employment agreement reveals that "while traveling and absent from permanent station" petitioner was to be paid either $6 or $7 per day. No such per diem for travel was paid to petitioner during the 308-day period in question. In other words, petitioner's employer, the War Department, considered petitioner's permanent station to be in Seoul, Korea, and, as far as the employer was concerned, petitioner was not in a travel status. In other cases where the taxpayer incurred like expenses under similar circumstances we have denied the deduction claimed. *Andrews* v. *Commissioner*, 179 F. 2d 502, affirming our Memorandum Opinion; *William W. Todd*, 10 T. C. 655. The circumstances which were present in the *Todd* case, *supra*, were very similar to those in the instant case except that Todd, who was employed by the army in a civilian capacity, was stationed at an army post here in this country, whereas petitioner was stationed in a foreign country, but we think this makes no difference tax-wise.

Based upon all the facts, we have determined that petitioner's home within the meaning of section 23 (a) (1) (A) was in Korea, the place of petitioner's employment. It is settled that the taxpayer may not use section 23 (a) (1) (A) in order to secure a deduction from gross income for traveling expenses incurred at the taxpayer's principal place of employment. *Beatrice H. Albert*, 13 T. C. 129; *Virginia Ruiz Carranza (Zuri)*, 11 T. C. 224; *S. M. R. O'Hara*, 6 T. C. 841. Since the expenses in question were incurred by petitioner at his principal place of employment, they are not deductible under section 23 (a) (1) (A) of the Code.

We now consider petitioner's alternative argument based upon deductibility under section 23 (a) (2) of the Code.[1] Petitioner reasons that in order to produce income (the overseas salary differential of $1,422.74 earned during 1948) he spent $1,540 in Korea. Section 23 (a) (2) of the Code was added to the Code by the Revenue Act of 1942. This Code section is limited in scope by the prohibitions of Code section 24 (a) (1) against deduction of personal, living, or

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:
(a) EXPENSES.—
* * * * * * *
(2) Non-trade or non-business expenses.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

family expenses, *Ralph D. Hubbart*, 4 T. C. 121. What we said there is applicable here: "Personal expenses are not deductible, even though somewhat related to one's occupation or the production of income." These expenses of the petitioner are his personal expenses, and even though incurred in Korea are not deductible by him under section 23 (a) (2). See Regulations 111, section 29.23 (a)–15.

*Decision will be entered for the respondent.*