OPINION. Rattm, Judge: 1. Petitioner contends that he is entitled to a credit against net income of $600 for his mother as a dependent. In order to be entitled to such credit, he has the burden of establishing that he furnished more than one-half of her support for the taxable year 1948.[1] We think that burden has not been carried. Petitioner’s mother received $504 from the State of Idaho for her support in 1948, and the only satisfactory proof of any amounts furnished by petitioner during 1948 consisted of two canceled checks of $100 each. His vague and uncorroborated testimony as to additional amounts paid to his mother in that year do not represent convincing proof, particularly in the light of his admission that he had not seen or talked with her “for a great many years.” Moreover, the total cost of the support of his mother for 1948 was not shown, and we are left in the dark as to what assistance, if any, she may have had from petitioner’s sister Grace. Petitioner has not proved that the Commissioner erred in disallowing the dependency credit. 2. The remaining issue is whether petitioners are entitled to deduct as trade or business expenses the cost of food, lodging, car expense, and miscellaneous expenses incurred in Japan, and certain expenses in Washington, D. C., particularly the cost of maintaining an apartment. Although the amounts claimed as deductions are based to a large extent on estimates, the respondent does not stress the unreasonableness of the amounts claimed. He contends that neither of the petitioners was engaged in a trade or business during the taxable year 1948, other than the performance of services by Allan as an employee; that even if they were engaged in a trade or business, none of the alleged traveling expenses was incurred while “away from home” in the pursuit of such trade or business;[2] and that they constitute personal, living, or family expenses which are not allowable as deductions in computing net income.[3] The expenditures for food and lodging are plainly not deductible. Petitioner was a civilian employee of the United States. His post of duty was in Tokyo. That was his “home” within the meaning of section 23 (a) (1) (A). His employment appears to have lasted for about 2 years. While it lacked permanence, it was “indefinite in duration rather than obviously temporary, in that it was not the sort of employment in which termination within a short period could be foreseen * * Beatrice H. Albert, 13 T. C. 129, 131. In Michael J. Carroll, 20 T. C. 382, we held that amounts paid for meals and lodging in similar circumstances by a War Department employee in Korea were not traveling expenses while “away from home” and were not deductible under section 23 (a) (1) (A). We make the same holding here. Cf. Commissioner v. Flowers, 326 U. S. 465; York v. Commissioner, 160 F. 2d 385 (C. A., D. C. Cir.); Bercaw v. Commissioner, 165 F. 2d 521 (C. A. 4). The cost of meals and lodging for petitioner’s wife do not stand on any different footing. She joined her husband as a dependent in Tokyo, and his “home” thereupon became her “home.” The mere fact that she busied herself at times in a fruitless attempt to investigate the availability of skins for an uncle in Chicago who was in the fur business is far from convincing evidence on this record that she was in travel status and was “away from home in the pursuit of a trade or business.” Nor was either petitioner away from home in the pursuit of a trade or business by reason of their purchase of a variety of articles many of which were obviously for their personal use and some of which they hoped to sell at a profit upon their return to the United States. Their activities in this regard do not appear to be different from those of numerous tourists who seek to take advantage of bargains, real or fancied, which they encounter in foreign countries. Neither petitioner nor his wife was engaged in any business within the meaning of the statute during his stay in Tokyo other than his employment as a civilian employee of the United States Government. To the extent that petitioner may have spent some, time, after hours, in investigating the possibility of profitable “deals” in Japan, such activities do not satisfy us as being of the kind that would qualify as carrying on a trade or business. Cf. George C. Westervelt, 8 T. C. 1248, 1254; Morton Frank, 20 T. C. 511, 514; Frank B. Polachek, 22 T. C. 858, 863. Furthermore, the evidence as to such activities was so vague and general that we could not in any event conclude that they involved any considerable expenditure of time or energy on the part of petitioner or that any of the expenses claimed as deductions were in any way related to such activities. We conclude that none of the expenses incurred in Japan is deductible. On this record, the expenses in maintaining the apartment at 1801 16th Street NW., in Washington, D. C., and other expenses incurred in Washington during the first 4 months of 1948 do not appear to qualify as deductible business expenses. Decision will be entered for the respondent. SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. — In computing net income no deduction shall in any case be allowed in respect of— (1) Personal, living or family expenses, except extraordinary medical expenses deductible under section 23 (x) ;