F. J. McGinley, Jr. v. Commissioner.
McGinley v. Commissioner
Docket No. 51564.
United States Tax Court
T.C. Memo 1956-124; 1956 Tax Ct. Memo LEXIS 172; 15 T.C.M. (CCH) 641; T.C.M. (RIA) 56124; May 22, 1956
*172 While employed for an indefinite period in Ankara, Turkey, as a construction designer taxpayer maintained a separate home for his family in St. Paul, Minnesota. Held: expenditures made by taxpayer for meals and lodging in Ankara are not deductible traveling expenses. F. J. McGinley, Jr., St. Paul, Minn., pro se. Fayette G. Taylor, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent has determined a deficiency in petitioner's income tax liability for the year 1951 in the amount of $395.63. The question for decision is whether petitioner is entitled to deduct as a traveling expense "while away from home" the total amount spent by him for meals and lodging during a 6-month period of employment *173 in Ankara, Turkey. Findings of Fact Petitioner is a resident of St. Paul, Minnesota. He filed an income tax return for the year 1951 with the collector of internal revenue for the district of Minnesota. In February of 1951 petitioner was employed as a designer by a joint venture consisting of three construction companies engaged in building air bases in Ankara, Turkey. The contract of employment, dated February 12, 1951, included the following provision: "SECTION 2. Term of Agreement. "The term of this agreement shall be the period during which the services of the Employee are required in connection with Construction work in Turkey. No definite period of employment is assured, however, the Employee may be required to render services hereunder for a period of twenty-four (24) months. The Employee may terminate his employment hereunder by giving the Contractor written notice specifying the date on which he desires to terminate his employment, which date shall not be less than fifteen (15) days after the date of the delivery of the notice to the Contractor and said date of termination may not be earlier than twenty-four (24) months after the date of this agreement." This section *174 was amended to provide for a period of 12 months in lieu of 24 months. Pursuant to the terms of the contract, petitioner was to receive a wage of $140 per week plus a quarters allowance of $4.1209 per day and a post allowance of $3.4615 per day while working on location in Ankara, Turkey. Petitioner's employment began on February 12, 1951, the date the contract was signed, and he departed for Ankara on that day. Petitioner's wife and children could have accompanied him to Turkey, but they remained in St. Paul throughout his period of employment in Ankara. Petitioner arrived in Ankara on February 15, 1951, and worked there as a designer until August 11, 1951, when he returned to the United States because of ill health. At no time during his period of employment in Turkey did the employer furnish petitioner with either quarters or meals. From February 15 until the first part of March, petitioner lived in a hotel room in Ankara, for which he paid $4.82 per day for room and breakfast. During this period, petitioner expended $10 per day in restaurants for two other meals a day. Petitioner's total expenses for room and board during this period amounted to $192.66. On March 1, 1951, petitioner *175 and three other individuals moved into a house located in a residential area, and remained there until July 1, 1951. During this 4-month period the four occupants spent $854 for maintenance of the house. This amount was divided equally among them so that petitioner's share of the expense came to $213.50. From July 1, 1951, until his departure from Turkey on August 11, 1951, petitioner lived alone in an apartment, for which he spent $130.50 in rent and utilities. Petitioner's total expenditures for housing from March 1, 1951, to August 11, 1951, amounted to $344. After petitioner had moved out of the hotel, he purchased food from the Army PX and from local markets. From March 1, 1951, until August 11, 1951, petitioner's total expenditure for food was $585.71. Because he had contracted chronic bronchitis while in Turkey and because of other reasons, petitioner left Ankara on August 11, 1951. However, he could have remained in Turkey working for his employer if he had chosen to do so. Petitioner's withholding statement for the year 1951 reflects that he received $5,179.68 from his employer, of which amount $1,349.78 represented the sum received as post and quarters allowance while *176 in Turkey. On his income tax return for 1951, petitioner deducted from wages the sum of $1,729.56 as "board and room in Turkey." Opinion Although petitioner has submitted no brief in this proceeding, he contends in his petition and at the hearing that the cost of his meals and lodging while he was employed in Ankara, Turkey, are deductible under section 23(a)(1)(A), Internal Revenue Code of 1939, as "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." Respondent, however, disallowed the deduction and contends that the expenditures were personal living expenses within the meaning of section 24(a)(1). Three conditions must be satisfied before a traveling expense deduction may be made under section 23(a)(1)(A): (1) the expense must be a reasonable and necessary traveling expense as that term is generally understood; (2) the expense must be incurred "while away from home;" and (3) the expense must be incurred in pursuit of business. Commissioner v. Flowers, 326 U.S. 465. The expenditures in issue here do not satisfy all of these conditions. During his period of employment in Ankara, *177 Turkey, petitioner maintained a home for his family in St. Paul, Minnesota. His argument is that St. Paul was his "home" within the meaning of section 23(a)(1)(A) and that his employment in Turkey was merely temporary. In situations where the taxpayer has been temporarily employed at several locations during the taxable year, we have held that amounts expended for food and lodging were deductible. E. G. Leach, 12 T.C. 20; Harry F. Schurer, 3 T.C. 544. But petitioner's employment cannot be said to be "temporary." The contract of employment states that no definite period of employment is assured, and the employee may be required to render services for a period of 12 months. Petitioner himself could have remained in Turkey for the full year but did not do so because of bad health. In cases of this type we have held that the term of employment was "indefinite" rather than "temporary." Michael J. Carroll, 20 T.C. 382; James R. Whitaker, 24 T.C. 750. And when the term of employment is indefinite rather than temporary, we have consistently held that expenditures for food and lodging incurred at the principal place of employment are not traveling *178 expenses "while away from home." Beatrice H. Albert, 13 T.C. 129; Michael J. Carroll, supra; Allan Cunningham, 22 T.C. 906; James R. Whitaker, supra.In the case at bar, petitioner's term of employment was indefinite and all of his expenditures for meals and lodging were made at his principal place of business in Ankara, Turkey. Thus, the travel expenses claimed by him were not incurred "while away from home" within the meaning of section 23(a)(1)(A). Nor do the expenses incurred by petitioner meet the condition that the expenditure must be necessary to the pursuit of the business of the taxpayer or the employer. Petitioner's family could have accompanied him to Ankara but instead they remained in Minnesota during his term of employment in Turkey. It may be true that living conditions in Ankara prompted the petitioner to maintain his family in one place while he himself lived in another, but this fact has no relevance to the carrying out of the employer's business. Henry C. Warren, 13 T.C. 205. Although the employer determined where the petitioner would work, it was the petitioner and he alone who decided to maintain *179 two residences. Petitioner's employer received no benefit and was not profited by reason of the fact that petitioner maintained a separate home for his family in Minnesota. See John D. Johnson, 8 T.C. 303. Since the added expenditures made by petitioner in Ankara,. Turkey, resulted from his desire to maintain a separate residence in the United States - a factor irrelevant to the prosecution of the business of his employer - the "travel expenses" were not incurred "in the pursuit of a trade or business" within the meaning of section 23(a)(1)(A). Commissioner v. Flowers, supra. From the above reasoning it follows that the costs of petitioner's meals and lodging in Ankara, Turkey, were not "travel expenses" but were personal living expenses. We therefore hold that respondent was correct in disallowing the deduction. Decision will be entered for the respondent.