Luke E. O'Toole v. Commissioner.
O'Toole v. Commissioner
Docket No. 52112.
United States Tax Court
T.C. Memo 1956-131; 1956 Tax Ct. Memo LEXIS 163; 15 T.C.M. (CCH) 667; T.C.M. (RIA) 56131; May 28, 1956
*163 Luke E. O'Toole, 300 West Broadway, Long Beach, Long Island, N. Y., pro se. A. Jesse Duke, Jr., Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in income tax for the years 1950 and 1951 in the amounts of $24.34 and $154.21, respectively. The only question to be decided is whether the amounts of $710 and $800, claimed as deductions in 1950 and 1951, respectively, by petitioner as the cost of meals while he was employed at Long Beach, Long Island, New York, constitute expenses incurred while away from home in pursuit of a trade or business within the meaning of section 23(a)(1)(A) of the Internal Revenue Code of 1939. Certain other adjustments made by the respondent in determining the deficiencies were not contested by the petitioner. [Findings of Fact] Petitioner filed his income tax returns for each of the two years involved with the then collector of internal revenue for the first district of New York. All of the facts necessary for a decision of the issue were stipulated. Petitioner tried his own case and he testified briefly but in the main his testimony was merely a restatement of the stipulated *164 facts. Petitioner's employer owned and operated an apartment hotel named the President Hotel at Long Beach, Long Island, New York, where the petitioner was employed full time from April 1, 1950 until after the close of 1951. Petitioner's duties consisted of attending the telephone switchboard, maintaining the lobby of the hotel, policing the premises and doing various other services, including some repair work and renovations. The employer required petitioner to reside in Long Beach, Long Island, New York, during his working days (5 or 6 days a week) and the employer furnished a room in the hotel for his living accommodations. Petitioner furnished his own meals and other personal living expenses while residing in Long Beach, Long Island, New York. During the years 1950 and 1951, petitioner maintained a home at Laurelton, Long Island, New York, where his wife and children resided and where petitioner resided on all non-working days. Laurelton, Long Island, New York, is approximately 15 miles from Long Beach, Long Island, New York. Petitioner conceded in the stipulation that that part of the claimed deduction for traveling expenses that represented railroad fares between Long Beach, *165 Long Island, New York, and Laurelton, Long Island, New York, should be disallowed. [Opinion] Section 23(a)(1)(A) allows as deductions: "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business * * *." Petitioner asserts that under the above statute he has the right to deduct expenses incurred by him for meals in Long Beach, Long Island, New York, during the years 1950 and 1951. In order to be deductible the traveling expenses (including the entire amount expended for meals) must be incurred by the taxpayer "while away from home." Commissioner v. Flowers, 326 U.S. 465; Michael J. Carroll, 20 T.C. 382, 384. This Court has consistently held that the word "home" in the statutory context means the taxpayer's principal place of business or employment. Mort L. Bixler, 5 B.T.A. 1181; Raymond E. Kershner, 14 T.C. 168. Many of the cases involving claims for deductions under this statute involve fact situations where *166 the taxpayer worked in different locations, or had no definite business headquarters. Here we are not faced with the difficulty of determining where the taxpayer's "home" was for the purpose of deciding whether he incurred traveling expenses within the meaning of the statute. His "home", for the purposes of the statute, was where he was engaged in full time employment, namely, Long Beach. The fact that he chose to maintain his family home at Laurelton 15 miles away, is immaterial. The claimed deduction for expenses of meals at Long Beach was not allowable under the statute as interpreted in numerous decisions of this Court. The respondent's determination is approved. Decision will be entered for the respondent.