Ivan D. & Gaye M. Whitehead v. Commissioner.
Whitehead v. Commissioner
Docket No. 64181.
United States Tax Court
T.C. Memo 1958-204; 1958 Tax Ct. Memo LEXIS 20; 17 T.C.M. (CCH) 1004; T.C.M. (RIA) 58204; December 5, 1958
James C. Higgins, Esq., Beckley, West Virginia, for the petitioners. Conley G. Wilkerson, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax of the petitioners for the year 1954 in the amount of $476.74. The issue presented is whether the travel and maintenance expenses incurred by petitioner, Ivan D. Whitehead, while employed at the Atomic Energy Plant at Waverly, Ohio, are deductible under sections 62 and 162 of the *21 1954 Code. Findings of Fact Petitioners are husband and wife residing at 102 Thornton Avenue, Beckley, West Virginia. They filed a joint return for the taxable year 1954 with the director of internal revenue for the Parkersburg district of West Virginia. Ivan D. Whitehead will be hereinafter referred to as petitioner. Petitioner is a journeyman plumber, and a member of the Plumbers and Fitters Local Union No. 762 of Beckley, West Virginia. Bill Cremens, the business manager of Local No. 762, referred petitioner to Local Union No. 120 of Cleveland, Ohio, which union had jurisdiction of the plumbing and pipefitting work at the Atomic Energy Plant under construction at Waverly, Ohio. This referral was in accordance with the custom and common practice of business managers of local unions when work is not available to members within the jurisdiction of the local union. Referrals made by the business manager of local members are made generally without information as to the duration of the employment available in the jurisdiction of the sister local. Petitioner was subject to the practical custom of being recalled to his local jurisdiction by the business manager when work became *22 available in the area of his local union. It is the custom and practice for a member to return when recalled by the business manager of his local union, although it is not compulsory for a member to return. On one occasion, but not during the period of employment under consideration, petitioner was recalled to perform work available in the area of his local union. The working conditions at Waverly, Ohio, required each workman to be screened by the employer and the F.B.I., and classified as "P" cleared or "Q" cleared, which was determinative for the type of work allowed under security regulations. Each man was assigned to a crew of ten men under a foreman. This crew was assigned to a subdivision area which required 30 to 60 working days for completion of the assignment. The areas were each isolated and barricaded by a plywood screen. Upon completion of a subdivision the men would report individually to the area foreman for assignment to another subdivision. Petitioner was employed by the Grinnelle Corporation at Waverly, Ohio, from January 2, 1954 until July of 1955. Petitioner terminated his employment at the plant for personal reasons. During the greater portion of the taxable *23 year 1954, while employed at the Atomic Energy Plant, petitioner stayed in Wakefield, Ohio, and the remainder of the year he lived in Portsmouth, Ohio. Both Wakefield and Portsmouth are approximately five miles from the plant where petitioner was employed. He ate his meals at a restaurant in Portsmouth. Petitioner has maintained a place of residence in Beckley, West Virginia, for approximately 30 years, except for a period of about nine months in the years 1950 and 1951 he established a residence in Washington, D.C., when he had knowledge of the duration of his employment in that city. Petitioner returned to his home each weekend during his employment at the Waverly plant. The distance between Beckley, West Virginia, and Portsmouth, Ohio, is approximately 140 miles. Petitioner claimed no deductible expense for his week-end trips to his home in Beckley. Petitioner did not keep actual records of the amounts spent for room and board. On their 1954 joint return petitioners claimed a deduction in the amount of $1,715 representing meals and lodging incurred in connection with his employment at the Waverly, Ohio, plant, and the amount of $452, representing transportation expenses to *24 and from the job site, which latter amount was reimbursed to him by his employer. The respondent in his deficiency notice disallowed the entire amounts claimed as not constituting allowable deductions under any of the provisions of the 1954 Code. Petitioner has failed to show that his employment at the Atomic Energy Plant at Waverly, Ohio, was temporary. Opinion LEMIRE, Judge: The contested deficiency results from the disallowance of amounts claimed in the taxable year 1954 for travel, meals, and lodging expenses incurred while away from home, and during petitioner's employment as a journeyman plumber in the construction of an Atomic Energy Plant at Waverly, Ohio. Petitioner contends that the amounts in controversy constitute allowable deductions under sections 162(a)(2) and 62(2)(A) and (B) [1] of the 1954 Code. So far as here material, the applicable provisions of the 1954 Code are re-enactments of the provisions of the 1939 Code without substantial change. Cases construing the similar provisions of the 1939 Code are authoritative here. Petitioner has *25 the burden of showing the Commissioner's determination that his employment at Waverly was "indefinite," is erroneous. In support of the contention that his employment at Waverly, Ohio, was temporary, petitioner mainly relies upon his testimony to the effect that he was subject to security clearance by his employer and the F.B.I. and was required to work in segregated areas of the building where the duration of the work was from 30 to 60 days and that until he was reassigned to another segregated area, he did not know whether his employment would continue. Petitioner also testified that some of his co-workers were discharged for reasons unknown to him. We do not think such evidence justifies a finding that petitioner's employment was temporary. It would equally support a finding that the employment was indefinite. The record shows that petitioner was actually employed at Waverly, Ohio, from January 2, 1954 until sometime in July 1955, and terminated his job for personal reasons. Employment which terminated after approximately one year has been held to be indefinite and indeterminate. Michael J. Carroll, 20 T.C. 382. It is well established that travel, board and lodging *26 expenses do not constitute allowable deductions unless incurred while temporarily employed away from the established home of the taxpayer. Whether the employment is temporary or indefinite presents a question of fact to be resolved in the light of the facts and circumstances presented in each particular case. James E. Peurifoy, 27 T.C. 149, reversed on other grounds, 254 Fed. (2d) 483, affd. per curiam - U.S. - (Nov. 10, 1958). After a careful consideration of the entire record, we hold that petitioner has failed to show that his employment at Waverly, Ohio, was temporary in character and we have so found as a fact. The respondent's determination is sustained. Decision will be entered for the respondent. Footnotes
1. The source of section 62 is section 22(n), and the source of section 162 is section 23(a)(1)(A), I.R.C. of 1939↩.