CHARLES E. GRACE, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
GRACE v. COMMISSIONER
Docket No. 4362-75
United States Tax Court
T.C. Memo 1977-390; 1977 Tax Ct. Memo LEXIS 52; 36 T.C.M. (CCH) 1583; T.C.M. (RIA) 770390; November 9, 1977, Filed Charles E. Grace, Sr., pro se. Jack E. Prestrud, for the respondent WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined deficiencies in petitioner's Federal income taxes as follows: Year
Deficiency
1971
$ 668.65
1972
1,195.28
1973
1,249.64
In determining these deficiencies, respondent made numerous adjustments to petitioner's taxable income as computed in his original and an amended Federal income tax return for those years. Due to concessions by the petitioner, only five issues remain for decision. Each of these issues involves the question whether petitioner has substantiated the treatment accorded certain losses, interest and medical expense deductions claimed on his income tax returns, and two dependency exemptions claimed in the petition. FINDINGS OF FACT Some of the facts have been stipulated and are so found. An original and a supplemental stipulation of facts, together with the attached exhibits, are incorporated *54 herein by this reference. The petitioner, Charles E. Grace, Sr., resided in Cleveland, Ohio, when he timely filed his petition in this case. He filed Federal income tax returns for 1971, 1972 and 1973 with the District Director of Internal Revenue for Cleveland, Ohio. An amended income tax return for the calendar year 1971 was subsequently filed by petitioner. For the year 1971, petitioner claimed a deduction on his return in the amount of $735 for a loss characterized as a "credit union loss." For the same year, petitioner also claimed a deduction for a bad debt loss in the amount of $1,175 for loans allegedly made to Joe's Bars Inc. Respondent disallowed these deductions for lack of substantiation. Petitioner claimed interest expense deductions on his 1972 and 1973 income tax returns in the amounts of $322.35 and $499.37, respectively. Respondent allowed as substantiated, interest expense deductions of $446.06 for 1972 and $351.96 for 1973. Petitioner claimed no medical expense deductions on his 1972 income tax return. On his 1973 income tax return, the petitioner claimed to have expended $86 for medical insurance premiums, $503 for medicine and drugs and $913 for *55 other medical expenses in 1973. The respondent has allowed as substantiated, non-drug medical expense deductions of $936.95 for 1972 and $810.23 for 1973. During the years 1972 and 1973, the petitioner expended respectively $170.90 and $228.19 for medicine and drugs. For the years 1972 and 1973, petitioner claimed only one exemption (for himself) on his income tax returns. The respondent allowed petitioner three additional dependency exemptions in 1972 and in 1973, one each for petitioner's children Charles Jr., Carmen and Gregory. Dependency exemptions were not allowed by respondent for petitioner's wife, Helen Grace, from whom he was separated, and for a grandchild residing with Helen Grace. OPINION The presentation by the petitioner in this case concists principally of a large number of exhibits relating, sometimes rather remotely, to the issues before the Court. Petitioner's testimony, however, falls far short of that required to adequately explain the significance of these exhibits. As a consequence, on some issues the record contains only the barest amount of evidence. In reaching our decision, we are nonetheless required to view this unsatisfactory record in the *56 light of the rule that respondent's determination is presumptively correct, and petitioner bears the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
The first issue is whether petitioner is entitled to deduct in 1971 a loss claimed with respect to an interest in the Federation Workers' Credit Union, Inc.The claimed loss, according to information contained in petitioner's income tax return for 1971, is the result of embezzlements from Credit Union funds. Section 165(a) [1] allows a deduction for any loss, including losses of property from theft and embezzlement, sustained during the taxable year and not compensated for by insurance or otherwise. However, there are a number of prerequisites for entitlement to such a loss which petitioner has not satisfied. See Section 1.165-1(d)(3), Income Tax Regs.
*57 Principally, petitioner has failed to establish that in the year of the claimed deduction, 1971, he had no reasonable prospect of recovery of any portion of the claimed loss. The evidence includes a claim filed by petitioner sometime in July 1974 with the United States District Court for the Northern District of Ohio to participate in the cash distribution provided for in the Plan of Settlement in a class action by the membership of the Credit Union against the Trustee in Bankruptcy for the Credit Union. This indicates that petitioner had some prospect for recovery as late as 1974. See Ramsay Scarlett & Company, Inc. v. Commissioner,61 T.C. 795 (1974), affd. 521 F.2d 786 (4th Cir. 1975). Therefore, in the absence of any further evidence demonstrating the amount petitioner had placed in the credit union and the expected percentage of recovery in the District Court proceeding, we hold that petitioner's claimed credit union loss in 1971 was properly disallowed. We next consider whether petitioner is entitled to a bad debt deduction for 1971. Section 166(d) allows a deduction for nonbusiness bad debts, but only if the taxpayer can establish both the *58 existence of a bona fide debt, and its worthlessness in the year claimed. See sections 1.166-1(c), -2(a), Income Tax Regs. Petitioner has established neither of these requirements. The sole information offered on this issue by petitioner consists of a series of 12 checks written by petitioner and payable to various persons. We are not convinced, based on this evidence alone, of the existence of any bona fide debt owed petitioner by someone doing business as Joe's Bars Inc. Moreover, even assuming the existence of a valid indebtedness, petitioner offered no evidence that the debt became worthless in 1971, or any other year. Accordingly, petitioner is not entitled to a bad debt deduction in any amount in 1971. The third issue is whether petitioner has substantiated interest deductions for the years 1972 and 1973 in amounts greater than that allowed by respondent. With respect to 1972, respondent has allowed the petitioner deductions for interest expense in the amount of $446.06, whereas petitioner only claimed an interest expense of $322.35 on his income tax return for 1972. There is no evidence in the record to indicate the payment of interest in 1972 in an amount more than *59 the amount allowed by respondent. The only evidence regarding the payment of interest in 1972 is a promissory note in the face amount of $1,872.56 executed by petitioner and payable to Aetna Finance Company, but there is no evidence of any payments made on this note. Even assuming that payments were made on this note during 1972, the sum of the amount of interest payable thereunder computed according to the interest rate schedule provided in the note, plus the interest admittedly paid to the Bank of America, is less than that allowed by respondent. A similar computation with respect to 1973 indicates that interest paid by petitioner would be slightly less than that allowed by respondent. We therefore hold that petitioner has not substantiated any interest payments not allowed by respondent, and the interest expense deductions for 1972 and 1973 are as allowed by respondent. The fourth issue is whether petitioner is entitled to medical expense deductions for 1972 and 1973 in excess of those allowed by respondent. An individual may deduct expenses for the medical care of the taxpayer (and certain dependents) paid within the taxable year and not compensated for by insurance or *60 otherwise. [2] The term "medical care" is defined to mean amounts paid-- (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body, (B) for transportation primarily for and essential to medical care referred to in subparagraph (A), * * *. Sec. 213(e)(1). Amounts paid for operations or treatments affecting any portion of the body are considered to be expenses for medical care, except that amounts expended for illegal operations or treatments are not deductible. Sec. 1.213-1(e)(1)(ii), Income Tax Regs.; See Rev. Rul. 73-201, 1973-1 C.B. 140. The evidence submitted by the petitioner with respect to the claimed medical expenses fails to substantiate medical payments not already allowed by respondent. It consists of a collection of papers, including appointment schedules, clinic statements of account, copies of prescription orders for medicine, some *61 bills, cancelled checks, and even a few receipts for payment. Petitioner has offered little additional explanation in an attempt to relate any of this information to the payment for specific medical care. Therefore, viewing the record before us in its entirety, we believe that respondent has been generous in his allowance of medical expense deductions. The principal area of disagreement with respect to the medical expenses involves payments allegedly made by petitioner for B.C.G. (Bacillus Calmette Guerin) cancer treatments in Canada in 1972 and 1973. The evidence consists of a number of sender's receipts for money orders which contain handwritten notations regarding the payee and purpose of the payment, and two customer copies of cash advances or transfer drafts charged to petitioner or BankAmericard containing no information as to the payee or purpose of the payments. The sender's receipts and the transfer drafts total $2,150 for the years 1972 and 1973. Given the lack of other evidence corroborating the date and location of the treatments, the attending physician or other administrator, or even a diagnosis of cancer, we are not convinced that these money orders and transfer *62 drafts represent payments made by petitioner for medical treatments. [3] We therefore hold that petitioner is not entitled to medical expense deductions in excess of the $936.95 and $810.23 allowed by respondent for 1972 and 1973, respectively. The final issue is whether petitioner is entitled to dependency exemptions for his wife and a grandchild, neither of whom resided with petitioner during the years in issue. In computing taxable income, section 151(a) allows an individual to claim a deduction for a personal exemption for a dependent as defined in section 152. The basic requirement contained in the general definition of a dependent, section 152(a), is that the taxpayer must provide over half of the support of the claimed individual. The petitioner bears the burden of establishing that he furnished the requisite support *63 to obtain a dependency exemption. Stafford v. Commissioner,46 T.C. 515, 517-18 (1966); Rivers v. Commissioner,33 T.C. 935, 937 (1960). We think that burden has not been carried. Petitioner has not shown either the total amount of support of these two individuals, nor the amount of petitioner's contribution to their support. See Cunningham v. Commissioner,22 T.C. 906, 910 (1954). The evidence in this respect primarily tends to show petitioner's support of his three children, for whom respondent has allowed petitioner dependency exemptions, and not any contributions by petitioner to the support of his wife or grandchild. Therefore, we hold that petitioner has not proved that the respondent erred in not allowing the two additional dependency exemptions. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.While the parties have focused on sec. 165, it might have been appropriate rather to analyze this issue under sec. 166. Cf. Perrotto v. Commissioner,T.C. Memo 1977-99; Rev. Rul. 77-383, 1977-43 I.R.B. 6↩. In either case, the evidence regarding the unlikelihood of recovery was vague and insufficient to prove worthlessness.
2. Sec. 213. The deductibility of medical expenses and of expenses for medicine and drugs is limited as to the amount deductible by prescribed percentages of the taxpayer's adjusted gross income. See sec. 213(a)(1), (b).↩
3. Moreover, even assuming payment, it is acknowledged by the petitioner that B.C.G. cancer treatment was illegal in the United States in 1972 and 1973, in which event the expenses are not deductible under the applicable regulations. We do not believe the present record presents the occasion for an analysis of any infirmities in respondent's regulation.↩