**NEY v. UNITED STATES.**

Civil Action No. 735.

District Court, W. D. Arkansas,
Fort Smith Division.

April 26, 1948.

E. Chas. Eichenbaum, of Little Rock, Ark. (Leonard L. Scott, of Little Rock, Ark., on the brief), for plaintiff.

Lester L. Gibson, Sp. Asst. to Atty. Gen., and R. S. Wilson, U. S. Atty., and Charles A. Beasley, Jr., Asst. U. S. Atty., both of Fort Smith, Ark. (Theron Lamar Caudle, Asst. Atty. Gen., and Andrew D. Sharpe, Sp. Asst. to Atty. Gen., on the brief), for defendant.

JOHN E. MILLER, District Judge.

The plaintiff, Jerome M. Ney, filed his complaint herein on September 27, 1947, seeking to recover $4,823.40 individual income taxes for the years 1942, 1943, and 1944, upon the allegation that in his return covering said years' income he failed to deduct $1,720 and $5,200 "as reasonable and necessary traveling expenses, including meals and lodging, while taxpayer was away from his home in pursuit of trade or business and due to failure to allow claim for refund, duly and timely filed with reference thereto." That prior to 1942 and subsequently thereafter he resided in Fort Smith, Arkansas, where he was president of the Boston Store Dry Goods Company, an Arkansas corporation, engaged in the operation of department stores; that in July 1942 he accepted a position with the Office of Price Administration at Atlanta, Georgia, and continued in such employment, upon a stated salary, with headquarters at Atlanta a portion of the time and at Washington, D. C., the remainder of the time until December 21, 1945; that all the positions held by him during the time were temporary in character and were accepted because of the war emergency; that during all of the time his permanent place of business was at Fort Smith, Arkansas, where he maintained a home for himself and family; that because of the said employment it was necessary to live in hotels and obtain his meals in restaurants; that in the conduct of his regular employment he was in Fort Smith approximately one week out of every six and in addition was in continuous touch with his business by telephone and telegraph and continued to act as president and general manager.

The answer was filed November 28, 1947, and to a great extent admits the allegations of the complaint but denies all liability.

The cause was tried to the court on February 10, 1948, and at the conclusion of the introduction of the testimony the same was submitted for consideration. The plaintiff was allowed 20 days in which to prepare and file his written brief, the defendant 30 days thereafter to prepare and file its brief and plaintiff 10 days thereafter to prepare and file his reply brief.

The briefs have been filed and after full consideration of the issues presented by the pleadings, the contentions of the parties and all the testimony the court now makes and files its findings of fact and conclusions of law, separately stated.

### Findings of Fact

1. The plaintiff is a taxpayer and citizen of the United States and the State of Arkansas and a resident of the Fort Smith Division of the Western District of Arkansas. He filed timely returns of his income for the calendar years 1942, 1943, and 1944 with the Collector of Internal Revenue for the District of Arkansas and paid all taxes shown by the returns to be due.

2. The plaintiff accepted employment with the Office of Price Administration beginning on or about July 1, 1942, and continuing until December 21, 1945. During all this time the plaintiff maintained his home and family in Fort Smith, Arkansas,

and was president and general manager of the Boston Store Dry Goods Company, an Arkansas corporation which operates a department store at Fort Smith, Arkansas, and retail dry goods stores and specialty stores in other cities along with a wholly owned subsidiary in Texas.

The plaintiff first accepted employment with the Office of Price Administration at the request of the Regional Administrator in Atlanta, Georgia, upon the understanding that the work would be of short duration, but when that particular task was finished he was persuaded to remain in various responsible positions until in December, 1945. Plaintiff did not desire the employment but accepted it as a duty during the war emergency with the understanding that he would be free to confer with his associates in his private business as often as necessary by telephone, telegraph or in person. He did maintain such contacts and continued to direct his private business through such conferences and by personal visits to Fort Smith, Arkansas, of three or four days during every six, seven or eight weeks period. During the time other executives in the private business would visit plaintiff at Washington, D. C. and he often spent weekends with his buyers and associates in New York City where they were required to go in the prosecution of the business of the Boston Store Dry Goods Company.

3. Plaintiff continued to receive a salary from his private business and also a salary for his work with the Office of Price Administration. The salaries for such time were as follows:

|  | 1942 | 1943 | 1944 |
|---|---|---|---|
| Boston Store | $14,550.00 | 19,150.00 | 16,550.00 |
| Rosenthal's | $ 3,775.00 | 2,525.00 | 3,900.00 |
| O. P. A. | $ 2,162.79 | 5,563.50 | 7,829.15 |

In his returns he claimed deductions, which were allowed, from the income received from his private business for money spent for entertainment, travel, and telephone for all three years as follows: 1942 the sum of $910; 1943 the sum of $1,080; and 1944 the sum of $1,032.50.

4. In making and filing his original income tax returns for the said years, plaintiff did not claim a deduction for reasonable and necessary traveling expenses, including meals and lodging while away from his home in pursuit of a trade or business, his employment by the Office of Price Administration, but plaintiff on August 14, 1945, duly filed his claim for refund in the sum of $1,514.94 for taxes assessed for the calendar year 1943, and $3,308.46 for the year 1944, which claims were denied on June 30, 1947. These claims for refund were based upon the claim for further deductions for "living expenses incurred by reason of having to maintain separate residence in (Atlanta, Georgia, and) Washington, D. C., as a result of being employed by Office of Price Administration".

5. At the beginning and for several months thereafter the plaintiff's post of duty was Atlanta, Georgia. He was then sent to Washington and that was his post of duty during the remainder of the employment. During such employment plaintiff did some traveling in connection therewith, but the usual per diem and transportation expense was paid by the Office of Price Administration and are not involved here.

The ability and experience of the plaintiff was and is yet such as to make his employment by the Office of Price Administration desirable and while in the beginning it was thought that his services might be dispensed with in a few months, he was persuaded to remain for the period of the war emergency and instead of being temporary it became of indefinite or indeterminate duration.

6. The employment of the plaintiff by the Office of Price Administration was such as to require him to live in Atlanta while assigned to the regional office in that city and to live in Washington while assigned to the main office. His family continued to live in Fort Smith in the home provided by the plaintiff and to which he returned as often as said employment permitted. The deductions now claimed by him are the personal living expenses incurred by reason of his employment and the necessity for him to remain or live at his post of duty several hundred miles from his established residence and family that remained at all times in Fort Smith, Arkansas.

1008

## Conclusions of Law

■ 1. The court has jurisdiction of the parties and the subject matter of this cause of action. 28 U.S.C.A. § 41(20).

2. The plaintiff alleges in his complaint that the deductions claimed by him are for "reasonable and necessary traveling expenses, including meals and lodging, while taxpayer was away from his home in pursuit of trade or business and due to failure to allow claim for refund, duly and timely filed with reference thereto."

■ Such expenditures to be deductible must (1) be reasonable and necessary traveling expenses; (2) incurred "while away from home"; and (3) incurred in pursuit of a business, which means, as stated by the Supreme Court in Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 470, 66 S.Ct. 250, 252, 90 L.Ed. 203, "that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade".

■ Under the facts in this case, it is clear that the expenditures made by plaintiff are not deductible under Section 23(a) of the Internal Revenue Code, 26 U.S. C.A. Int.Rev.Code, § 23(a), as amended by Section 121 of Revenue Act of 1942, 56 Stat. 798, 26 U.S.C.A. Int.Rev.Code, § 23(a).

3. The claims for deduction filed by plaintiff with the Collector of Internal Revenue and disallowed show to be for "living expenses incurred by reason of having to maintain separate residence in (Atlanta, Georgia, and) Washington, D. C., as a result of being employed by Office of Price Administration".

The expenses were living and personal expenses incurred by the taxpayer at his posts of duty in Atlanta, Georgia, and Washington, D. C.

When Section 23(a), supra, is contrasted and construed with Section 24(a) (1) of the Code, supra, and applied to the facts present in this case, it is apparent that the expenditures are not deductible. Commissioner of Internal Revenue v. Flowers, supra.

4. The claims of plaintiff are without merit and judgment for defendant dismissing the complaint is being entered this date, and exceptions of plaintiff are noted.