**NEY v. UNITED STATES.**

No. 13770.

United States Court of Appeals
Eighth Circuit.

Dec. 24, 1948.

450

Leonard L. Scott, of Little Rock, Ark. (E. Chas. Eichenbaum, of Little Rock, on the brief), for appellant.

S. Walter Shine, Atty., Dept. of Justice, of Washington, D. C. (Theron Lamar Caudle, Asst. Atty. Gen., George A. Stinson, Ellis N. Slack and Lester L. Gibson, Sp. Assts. to the Atty. Gen., and R. S. Wilson, U. S. Atty., and Chas. A. Beasley, Jr., Asst. U. S. Atty., both of Fort Smith, Ark., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by appellant to recover $4823.40 as reasonable and necessary traveling expenses while he was away from home in pursuit of trade or business during the taxable years 1942, 1943 and 1944, it being alleged that he failed to deduct these amounts in his tax returns for said years. For convenience the appellant will be referred to as plaintiff.

On or about July 1, 1942, plaintiff accepted employment with the Office of Price Administration and he continued in that employment until December 31, 1945. During these years he maintained his home and family at Fort Smith, Arkansas, and was president and general manager of the Boston Store Dry Goods Corporation at Fort Smith, Arkansas. This company operated a department store at Fort Smith and certain dry goods and specialty stores in other cities. He accepted employment with the Office of Price Administration with the understanding that the appointment would be of short duration but he was induced to remain longer than anticipated. He did not seek employment with the Office of Price. Administration but accepted it as a duty during the war emergency and with the understanding that he would be free to confer with his associates in his private business as occasion arose, by telephone, telegraph or in person. He maintained such contacts and continued to direct his private business through conferences and by frequent visits to Fort Smith, Arkansas. He continued to receive a salary from the Boston Store Dry Goods Corporation and also from the Office of Price Administration, the aggregate salaries amounting in 1942 to $20,487.79, in 1943 to $27,238.50, and in 1944 to $28,279.-15. He claimed deductions in his returns on the income received from his business for money spent for entertainment, travel and telephone for all the three years here involved, amounting in all to $3022.50, which deductions were allowed. In filing his original income tax returns he did not include any deduction for "reasonable and necessary traveling expenses, including meals and lodging while away from his home in the pursuit of trade or business, during his employment by the Office of Price Administration," but on August 14, 1945, he filed claims for refund in the sum of $1514.94 for the year 1943 and $3308.46 for the year 1944, which claims were denied June 30, 1947. These claims were urged on the theory that plaintiff was entitled to further deductions for living expenses incurred by reason of having to maintain separate residences in Atlanta, Georgia, and Washington, D. C., as a result of being employed by the Office of Price Administration.

When he entered the employ of the Office of Price Administration his post of duty was at Atlanta, Georgia, but was later transferred to Washington, D. C., where his headquarters remained until the termination of his employment. During the time of his employment with the Office of Price Administration he did some traveling in connection with his official duties but the usual per diem and transportation expenses were paid him by the government. Although at the beginning it was expected that his services might be dispensed with after a few months, he in fact remained during the period here in question. The deductions now claimed by him are the personal living expenses incurred by him in his employment because of the necessity for him to remain at his post of duty several hundred miles from Fort Smith, Arkansas, where his established business and family were located.

The trial court found that the expenditures were living and personal expenses incurred by plaintiff at his post of duty in Atlanta, Georgia, and Washington, D. C., and that to be deductible such expenditures "must (1) be reasonable and necessary traveling expenses; (2) incurred 'while away from home;' and (3) incurred in pursuit of a business which means * * * 'that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or his employer.' Moreover, an expenditure must be necessary or appropriate to the development and pursuit of the business or trade." The court concluded that the expenditures were not deductible and entered judgment dismissing plaintiff's action.

In seeking reversal plaintiff contends that the expenses are deductible: (1) under the so-called double business doctrine; (2) if not so allowable, they are allowable because they fall in the category of temporary employment.

As a condition precedent to the bringing of an action to recover income taxes paid, it was incumbent upon plaintiff to file with the commissioner a claim for refund of the alleged overpayment. The claim so filed was the basis of plaintiff's action. In his claim it is alleged that, "This claim should be allowed for the following reasons: Living expenses incurred by reason of having to maintain separate residence in Washington, D. C., as a result of being employed by Office of Price Administration." It is first to be observed that in his complaint plaintiff seeks to recover for "reasonable and necessary traveling expenses including meals and lodging while taxpayer was away from his home in pursuit of trade or business." While the claim for refund is based upon specific grounds, plaintiff's complaint is drawn on an entirely different theory and alleges grounds not set out in the claim for refund. We must assume that the grounds stated in the claim for refund filed with the Commissioner were the grounds on which the right of refund was asserted. In Taber v. United States, 8 Cir., 59 F.2d 568, 571, it is said: "The United States has consented to be sued by a taxpayer for the recovery of a tax alleged to have been illegally exacted and paid only in cases where the grounds asserted in the suit have been presented to and passed upon by the Commissioner of Internal Revenue."

In Lucky Tiger-Combination Gold Mining Co. v. Crooks, 8 Cir., 95 F.2d 885, 889, in considering this question we held that a claim for refund is not only a condition precedent to the right to maintain an action to recover taxes paid but that the taxpayer after having filed such a claim could not shift to a totally different ground in his subsequent action to recover. In that case we said: "The second ground of recovery not having been called to the attention of the Commissioner appellant cannot rely upon it in an action in court."

Not only did the plaintiff, in the claims for refund filed by him with the Commissioner, allege that the claim was for living expenses incurred by him, but the court found that, "The deductions now claimed by him are the personal living expenses incurred by reason of his employment and the necessity for him to remain or live at his post of duty several hundred miles from his established residence and family."

Section 24(a) (1) of the Internal Revenue Code, 26 U.S.C.A. § 24(a) (1) provides in part as follows:

"(a) General Rule. In computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x); * * *."

The claim as filed with the Commissioner can not be considered as amended but possibly we might consider the complaint as amended to comply with the proof and with the allegations contained in the claim. If we indulge in such a presumption, then the action is in fact one to recover for living expenses. The most recent controlling authority touching this question is the case of Commissioner v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 252, 90 L.Ed. 203. The material facts in that case are very similar to those in the case at bar and the court rather definitely specified the conditions under which expenses

such as here involved are deductible. It is there said:

"Three conditions must be satisfied before a traveling expense deduction may be made under § 23(a) (1) (A):

"(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling.

"(2) The expense must be incurred 'while away from home.'

"(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade."

The claim here is for living expenses in Washington, D. C., as the result of being employed by the Office of Price Administration. It is to be noted that it is not "for food and lodging expenses incurred while traveling." It was not therefore an expense incident to traveling; neither can it be said that the claim is for expenses incurred while away from home. They were in fact personal living expenses incurred at his principal place of employment. The trial court so held and the finding of that court is presumptively correct. As said by the Supreme Court in Commissioner v. Flowers, supra: "Whether particular expenditures fulfill these three conditions so as to entitle a taxpayer to a deduction is purely a question of fact in most instances. See Commissioner v. Heininger, 320 U.S. 467, 475, 64 S.Ct. 249, 254, 88 L.Ed 171. And the Tax Court's inferences and conclusions on such a factual matter, under established principles, should not be disturbed by an appellate court."

Under the facts and circumstances disclosed by the record in the instant case plaintiff's place of business in Washington, D. C., was in effect found by the trial court to be his home and we can not say that the finding is clearly erroneous. We can not think that it was intended by the Congress that any federal employee in Washington who retains his legal residence elsewhere would be entitled to claim deduction for all of his Washington living expenses as business traveling expenses. Lindsay v. Commissioner, 34 B.T.A. 840. As in the Flowers case, the expenses for which deduction are here claimed were not incurred in pursuit of the business of plaintiff's employer, Boston Store Dry Goods Corporation, and as said by the Supreme Court in the Flowers case, the reference in Section 23(a) (1) (A) to traveling expenses, including the entire amount expended for meals and lodging while away from home in the pursuit of a trade or business "is one of the specific examples given by Congress in that section of 'ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.' It is to be contrasted with the provision of § 24(a) (1) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 24(a) (1), disallowing any deductions for 'personal, living, or family expenses.' " In fact, plaintiff in his orginal returns claimed and was allowed deductions for travel, telephone and entertainment in connection with the business of his employer. According to his testimony he spent six-sevenths of his time at his post of official duty. He was not paid a per diem allowance while on duty at these places though he would have been entitled to such allowance if these places were not a regular place of employment.

So far as the material facts are concerned this case can scarcely be distinguished from York v. Commissioner, D. C. Cir., 160 F.2d 385. In that case a lawyer whose home was in Atlanta, Georgia, came to Washington, D. C., where he was employed by the Federal Works Agency and by the OPA. As soon as he could find living quarters for his family he brought them from Atlanta to the neighborhood of Washington, D. C. He claimed as a deduction the cost of his meals and lodging in Washington before he moved his family and the cost of moving. The claims were denied by the Tax Court and in affirming the decision of the Tax Court

the Court of Appeals for the District of Columbia said: "The Tax Court was clearly right in ruling against petitioner. A man's living expenses while he is carrying on his business at his regular place of business are personal and not business expenses. This is true even though he maintains, as petitioner did at first, a place of abode so distant from his place of business that daily commuting is impossible. Commissioner v. Flowers, 326 U.S. 465, 66 S.Ct. 250 [90 L.Ed. 203]. Petitioner points out that Flowers maintained his remote establishment from choice whereas petitioner brought his family to Washington as soon as he could. We think the difference immaterial. Petitioner neither maintained a place of abode in Atlanta, nor brought his family to Washington, in order to do the work which he was employed to do. Therefore the expenses which these arrangements caused were not incurred either (1) 'in carrying on any trade or business' or (2) 'for the production or collection of income.'"

Neither do we think the expenditures can be said to have been incurred by plaintiff while away from home within the meaning of Section 23(a) (1) (A). They are personal and living expenses and not business expenses. They are described in his claim for refund as living expenses incurred by reason of having maintained separate residences. Normally plaintiff's regular place of business was Fort Smith, Arkansas, but he left Fort Smith to accept a public position during the war emergency and devoted six-sevenths of his time to that work though he was employed on full time and received a full time salary both in his private business and as an official. As has already been pointed out he was allowed a deduction for all expenditures in connection with travel and entertainment in his private business but during the years here in question his principal post of duty was in Washington and Atlanta. Being away from home within the meaning of the tax statute does not necessarily mean being away from the place of abode without reference to the principal place of duty and deductions allowable under this section must be in connection with business. For the years here

in question plaintiff's principal activity was carried on at his post of duty in Atlanta or Washington. The "double business doctrine," as applied to the facts and circumstances in this case, finds no support in the decisions of the Tax Court. O'Hara v. Commissioner, 6 T.C. 841; Bark v. Commissioner, 6 T.C. 851; Johnson v. Commissioner, 8 T.C. 303. Thus in O'Hara v. Commissioner, supra, the court in replying to the "double business doctrine," said:

"The petitioner argues that she had two places of business. She contends that she maintained her home at Wilkes-Barre, that she had conducted a law practice there since 1913, and that she retained her business and social connections in that city. It is argued that her position as a cabinet member was a temporary one, the enjoyment of which was at the pleasure of the Governor alone, with the result that she is entitled to a deduction for the household expenses in Harrisburg. We are unable to agree with that conclusion.

" * * * At the time of the hearing petitioner had devoted about 70 per cent of her time for six years to her cabinet duties in Harrisburg, and she had actually lived there five days out of each week during that period. It is probable that the word 'temporary' is not descriptive of a period of time which embraces six years of an individual's productive business life. See Barnhill v. Commissioner [4 Cir.], 148 F.2d 913 [159 A.L.R. 1210].

"We have long held that section 23(a) (1), supra, may not be availed of to secure a deduction from gross income for 'traveling expenses' paid or incurred by a taxpayer while at his principal place of business, post of duty or principal place of employment."

In this connection it is to be borne in mind that the trial court found that plaintiff's employment was for an indefinite period and we think the evidence supports that finding. He agreed to remain and did remain in the employ of the Office of Price Administration for the period of some three and a half years. The deductions sought, as has been observed, were designated by plaintiff as living expenses and

the trial court properly found that they were personal living expenses and as such were not deductible.

█ It is finally urged that the expenditures were deductible because his employment falls within the category of temporary employment. They were not claimed on that basis and the court correctly found that the employment could not properly be classified as temporary within the meaning of this statute. The maintenance of two places of business was not compulsory. So far as appears plaintiff could have moved his family to Washington or Atlanta, but regardless of how many so-called places of business plaintiff had during the time in question, the deductions claimed were his personal living expenses and hence are not deductible.

We have considered all the other contentions of plaintiff but are of the view that they are without merit.

The judgment appealed from is therefore affirmed.