Charles T. Andrews v. Commissioner.
Andrews v. Commissioner
Docket No. 19295.
United States Tax Court
1949 Tax Ct. Memo LEXIS 160; 8 T.C.M. (CCH) 559; T.C.M. (RIA) 49142; June 7, 1949
*160 Frank L. Dennis, Esq., 1744 K St., N.W., Washington, D.C., for the petitioner. Sanford M. Stoddard, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: This proceeding was brought for a redetermination of a deficiency of $387.28 in petitioner's income tax for 1944. Petitioner having conceded his error in deducting $699.71 for the payment of United States income tax and $25 for payment of miscellaneous excise tax, the only issue remaining is whether respondent erred in disallowing the deduction of a portion of petitioner's expense while employed by the Federal government in Washington, D.C. Findings of Fact Petitioner filed his Federal income tax return for 1944 with the collector of internal revenue for the district of Maryland. He stated his employer to be "War Shipping Administration, Washington, D.C." Prior to 1942 petitioner had completely terminated his previous employment as an instructor of economics at Boston University, Boston, Massachusetts. From about June 20, 1942, to about September 26, 1947, petitioner was regularly employed on a full-time basis by the United States Government in Washington, D.C. He had no other *161 employment in 1944 when his employment as an economist with the War Shipping Administration in Washington, D.C. Petitioner's original appointment which was to a position with the Bureau of Foreign and Domestic Commerce of the Department of Commerce was officially described as a "War Service Appointment Indefinite" by the United States Civil Service Commission. The official notice of appointment received by petitioner bore on its face the notation, "This appointment is for an indefinite period to continue for the duration of the war. You do not, under this appointment, acquire a qualified civil service status." Petitioner was appointed effective October 4, 1943, to a position with the War Shipping Administration, Washington, D.C., and that appointment according to the official statement of petitioner's Federal service by the Civil Service Commission was a so-called "War Service" appointment. This employment continued throughout the taxable year, the only change in status being an intra-agency transfer and reassignment in the War Shipping Administration on September 14, 1944. Petitioner is married. Instead of bringing his family to Washington, D.C., to live with him, during the *162 period of his Federal employment petitioner maintained them at a previously-established place of residence at Belmont, Massachusetts. During this period petitioner lived in a rented room in Washington, D.C., and took his meals out. Among other deductions from gross income taken by petitioner in his return for the year in question was the aggregate sum of $820, which is itemized as follows in a statement attached to the return: Room rent, $30 a month
$560.00
Laundry (my wife does my laundering
when I am at home)
40.00
Excess cost of meals away from home
360.00
One indispensable annual trip home,
R.R., etc.
24.00
Emergency, indispensable teleg. & phone
svc.
6.00
Miscellaneous services, taxi fares, exc.
exp.
30.00
$820.00
The expenses for which deduction from gross income is claimed by petitioner were personal expenses, and not traveling expenses while away from home in pursuit of a trade or business. Opinion Petitioner's claim for living expenses while engaged in Government work in Washington during the war is similar to that advanced in other cases and for similar reasons must be denied. See York v. Commissioner (C.A.D.C.), 160 Fed. (2d) 385, *163 affirming Tax Court memorandum opinion; Ney v. United States (D.C., Ark.), 77 F. Supp. 1005, affirmed (C.A., 8th Cir.), 171 Fed. (2d) 449, certiorari denied, 336 U.S. 967 (May 2, 1949). Neither the assertedly temporary character of petitioner's employment, Robert F. Green, 12 T.C. 656 (Apr. 29, 1949); John D. Johnson, 8 T.C. 303, 308, nor the difficulty of obtaining accommodations are adequate distinctions. York v. Commissioner, supra. And the contention that the amount claimed is allowable merely because only petitioner's additional expenses have been included must be rejected on the authority of the statutory language itself. [1] If any of the expenses are deductible as the cost of travel, they are not less so because some portion of meals or lodging would be personal expenses to one not in a travel status. See Arnold P. Bark, 6 T.C. 851, 854. *164 Decision will be entered for the respondent. Footnotes
1. "SEC. 23 * * * "(a) Expenses. - "(1) Trade or Business Expenses. - "(A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *"↩