JAMES R. WHITAKER AND ELNORA F. WHITAKER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52093.   Filed July 26, 1955.

*James R. Whitaker, pro se.*
*Sylvan Siegler, Esq.,* for the respondent.

**OPINION.**

TIETJENS, *Judge:* We here are concerned with section 23 (a) (1) (A) of the Internal Revenue Code of 1939 which, *inter alia,* provides for the deduction of "traveling expenses * * * while away from home in the pursuit of a trade or business."

Petitioner earnestly contends that his "principal place of business" during 1952 was in New York, where the main office of his employer was located, and which he and his employer both "considered" to be his principal place of business. He also argues that his "home" was in Hawarden, Iowa, where his family continued to reside and to which he returned, and thus that the expenses which he seeks to deduct were incurred while away from home.

But questions with reference to the meaning of "home" as used in the section of the Code referred to are not so easily answered. In *Raymond E. Kershner,* 14 T. C. 168, we said at page 174, "For the purposes of the statute, a taxpayer's home means his place of business, employment, or post or station at which he is employed." This, of course, must depend upon more than the mere fact that the taxpayer or his employer "considered" such and such a place to be the employee's principal place of business or employment or his home. The ultimate fact must depend upon all the evidence of record in the light of the statutory language.

The proper conclusion becomes more difficult where the taxpayer, as here, travels from place to place during the taxable year in pursuit of his business or that of his employer. In cases of this type we have held that a distinction is to be made whether the employment is of a "temporary" or "indefinite" duration at a particular place. *Beatrice H. Albert,* 13 T. C. 129.

The employment of petitioner in Thule may have lacked permanence, but from an examination of all the facts as we see them, it was not the kind of employment to be considered temporary in character. Rather, we think it was of indefinite duration as specifically set out in the employment contract. At least 8 months employment was contemplated and petitioner in fact spent 222 days in Greenland during 1952. Petitioner was required to make several trips from Thule to "Stateside," and he argues that this supports his contention that Thule was not his principal place of business or post. He testified,

however, that the time spent in the States was for the purpose of planning and conferring with reference to the job in Greenland, and we think the inference is clear that these trips were incidental to the proper performance of his primary job in Thule. They do not prove that he had a post or principal place of employment elsewhere.

We are unable to distinguish this case in any material respect from *Ney* v. *United States*, (D. Ark.) 77 F. Supp. 1005, affd. (C. A. 8) 171 F. 2d 449, certiorari denied 336 U. S. 967. In that case the taxpayer maintained a home for his family and had a business in Fort Smith, Arkansas. He accepted employment with the Office of Price Administration with the understanding that the appointment would be of short duration but he was persuaded to remain longer than anticipated. His first post of duty was in Atlanta, Georgia, but he was later transferred to Washington, D. C. He sought to deduct living expenses incurred by reason of having to maintain separate residences in Atlanta and Washington, D. C. The deduction was denied, the appellate court saying:

Neither do we think the expenditures can be said to have been incurred by plaintiff while away from home within the meaning of Section 23 (a) (1) (A). They are personal and living expenses and not business expenses.

The *Ney* case was followed in *Robert F. Green*, 12 T. C. 656. See also *Michael J. Carroll*, 20 T. C. 382, where it was held that a taxpayer who was employed by the War Department on an appointment of indefinite tenure for a period of about a year as a banking and taxation consultant in Korea could not deduct expenses of meals and lodging while in Korea, since Korea was his principal place of employment, and he was not "away from home" within the meaning of section 23 (a) (1) (A).

Here, although petitioner contends Thule was not his main post of duty or principal place of business, we think the facts call for the ultimate finding that it was. The fact that petitioner was not permitted to take his family to Thule, so that he had no choice in the matter, does not help petitioner. In this respect the case is somewhat similar to *Willard S. Jones*, 13 T. C. 880, where petitioner accepted indefinite employment at Oak Ridge, Tennessee. No housing was there available for his family, and as a practical matter the petitioner had no more choice in making his family home in Oak Ridge than petitioner here had of moving his family to Thule. His home was 75 miles away in Bakewell, Tennessee. He sought to deduct the cost of food and lodging while in Oak Ridge. We denied the deduction saying, *inter alia*,

The fact that housing conditions in Oak Ridge were such that it was difficult or impossible to bring his wife there with him is not of any help to petitioner in this case.

We also point out that while the facts in *Michael J. Carroll, supra,* do not show that petitioner was not permitted to take his family to Korea, we gather from the character of the orders issued him and the world conditions involved that practical considerations prevented him from so doing. We can perceive no difference between a petitioner who is not permitted to move his family to his post of duty and one who is prevented by practical reasons from doing so.

On all the facts we hold that the deductions in dispute are not travel expenses away from home deductible within the meaning of the statute. They were personal living expenses.

Because of an uncontested adjustment

*Decision will be entered for the respondent.*