Suzanne Waggener v. Commissioner.
Waggener v. Commissioner
Docket No. 93524.
United States Tax Court
T.C. Memo 1963-2; 1963 Tax Ct. Memo LEXIS 341; 22 T.C.M. (CCH) 9; T.C.M. (RIA) 63002; January 3, 1963
*341 Petitioner, a Joplin, Missouri, college student who worked part-time as a clerk-typist, took a summer job in 1959 as a clerk-typist with the United States Department of the Interior in Washington, D.C. Held, that amounts paid by petitioner for transportation to Washington and return and for meals and lodging while there were not deductible as traveling expenses while away from home in pursuit of her trade or business. William C. Myers, Jr., Esq., 318 Joplin St., Joplin, Mo., for the petitioner. *342 Claude R. Sanders, Esq., for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency for the taxable year 1959 in the amount of $112.27. Petitioner contests only $63.00 of the deficiency. The sole issue in this case is whether funds expended by petitioner for transportation, meals and lodging are deductible as traveling expenses while away from home in the pursuit of her trade or business under section 162(a) (2) of the Internal Revenue Code of 1954. Findings of Fact Some of the facts were orally stipulated in the record and are so found. Suzanne Waggener (hereinafter referred to as the petitioner) was a single person, nineteen years of age, in 1959. She maintained her permanent residence with her parents in Joplin, Missouri. During 1957 and the first half of 1958 the petitioner lived in the home of her parents, worked part-time as a clerk-typist, and attended Joplin Junior College. In the summer of 1958 the petitioner moved to Dodge City, Kansas, and began working as a clerk-typist for the First Federal Savings and Loan Association and attended Dodge City Junior College until June *343 1959. After returning briefly to her parents' home in Joplin, the petitioner then left for Washington, D.C., in early June 1959 to accept summer employment as a clerk-typist with the Geological Survey, United States Department of the Interior. While in Dodge City, the petitioner had written to the Department of the Interior and applied for the summer job in Washington, D.C., where she had previously worked during the summer of 1957. This position required no travel. The Department of the Interior did not pay or offer to pay petitioner's transportation expenses to Washington and return. Petitioner knew when she accepted the employment that she would have to pay the travel expenses. Petitioner worked full-time as a clerk-typist in Washington, D.C., at the Department of the Interior until about August 22, 1959, when she voluntarily ended her employment and returned once again to her parents' home in Joplin before entering the University of Missouri. While in Washington, D.C., the petitioner did not maintain a home or apartment in Joplin, Missouri, or anywhere else, on which she paid rent or incurred other expenses. Nor did she pay her parents for board and room during the summer of *344 1959. From September until December 31, 1959, petitioner attended the University of Missouri at Columbia, Missouri, and worked as a clerk-typist at Stephens College. Her employment as a clerk-typist continued until the spring of 1961. During the year 1959 the petitioner was a college student who carried a normal scholastic load (16 or 17 semester hours) and who worked part-time in order to help pay for her educational expenses. Petitioner filed her Federal income tax return for the year 1959 with the district director of internal revenue at Kansas City, Missouri. On the return she characterized her occupation as "student." She reported total wages of $1,353.55 and claimed the following expenses for traveling, meals and lodging which she paid in 1959: 1.
Fare Dodge City to Joplin
$ 14.95
Room and Board at Dodge City
231.00
Total
$245.95
2.
Fare to Washington, D.C., and
return
$ 87.94
Room and Board in Washington,
D.C.
230.00
Total
$317.94 Respondent disallowed these deductions. Petitioner does not contest the correctness of the disallowance with respect to the Dodge City expenses totaling $245.95. Opinion Despite the plain language *345 of section 162 (a)(2), Internal Revenue Code of 1954, allowing travel expenses including meals and lodging while away from home in pursuit of a trade or business, application of the statutory provision in a way that makes economic sense has often proved difficult. Efforts of taxpayers, the Commissioner of Internal Revenue and the courts have produced a hodgepodge of rules, tests and theories, thus leaving a series of irreconcilable decisions. The petitioner here contends that she expended $317.94 for travel, meals and lodging while away from home on a "temporary" job in Washington, D.C., in pursuit of her business as a clerk-typist. In support of this contention she relies principally upon our opinion in E. G. Leach, 12 T.C. 20 (1949) and other cases which are clearly distinguishable. Thus the petitioner says that the issue boils down to an application of the "temporary versus indefinite" rule often used by the courts. Cf. Peurifoy v. Commissioner, 358 U.S. 59 (1958); Coburn v. Commissioner, 138 F. 2d 763 (C.A. 2, 1943); Chester D. Griesemer, 10 B.T.A. 386 (1928); Alois Joseph Weidekamp, 29 T.C. 16 (1957); *346 Laurence P. Dowd, 37 T.C. 399 (1961); and Josette J. F. Verrier Friedman, 37 T.C. 539 (1961). We disagree with the petitioner. We think this case can be decided on the authority of Commissioner v. Flowers, 326 U.S. 465 (1946). In upholding our determination in the Flowers case, the Supreme Court stated that there are three conditions which must be met before a deduction may be allowed. They are: 1. The expense must be reasonable and necessary traveling expense, as that term is generally understood. It includes such items as transportation fares and food and lodging expenses incurred while traveling. 2. The expense must be incurred while away from "home." 3. The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. This petitioner fails to meet all of these conditions. Her tax "home" was wherever she was regularly employed as a clerk-typist while attending college. It shifted from Joplin, to Dodge City, to Washington, D.C., and to Columbia. We have construed "home" to mean the principal *347 post of duty of a taxpayer, especially where the taxpayer has his home for his own convenience at a place distant from his business. See Mort L. Bixler, 5 B.T.A. 1181 (1927); George W. Lindsay, 34 B.T.A. 840 (1936); and Barnhill v. Commissioner, 148 F. 2d 913 (C.A. 4, 1945). The evidence in this case is insufficient to establish that petitioner had any fixed "home" for tax purposes. The expenses here under consideration were not necessitated by the employer's business. The Department of the Interior did not require the petitioner to incur them. Her duties as a clerk-typist did not make it necessary for her to travel in connection with the business of the Interior Department. Cf. Ney v. United States, 171 F. 2d 449 (C.A. 8, 1948) affirming 77 F. Supp. 1005 (D.C.W.D. Ark. 1948). Nor can we find that these expenditures were dictated by the exigencies of her own business as a clerk-typist since such positions are plentiful in most localities throughout the United States. The petitioner voluntarily gave up her position with the First Federal Savings and Loan Association in Dodge City to accept summer employment in Washington, *348 D.C. It was a matter of choice and personal convenience that she did so. She was under no obligation or compulsion to maintain her residence at her parents' home in Joplin. She did not have the burden of maintaining two residences in 1959. There is an air of unreality to petitioner's contention. These were clearly non-deductible personal expenses whether considered with reference to her business or to that of her employer. To hold otherwise would open a wholly unwarranted escape hatch for the deductibility of personal expenses contrary to the provisions of section 262 of the Internal Revenue Code of 1954. Accordingly, we hold that the expenses are not deductible. Decision will be entered for the respondent.