Cleo D. Barr v. Commissioner.
Barr v. Commissioner
Docket No. 5632-67.
United States Tax Court
T.C. Memo 1969-139; 1969 Tax Ct. Memo LEXIS 163; 28 T.C.M. (CCH) 720; T.C.M. (RIA) 69139; June 30, 1969, Filed D. Ronald Morello, for the respondent. [1]
IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1963 *164 in the amount of $459.14. The sole issue for our decision is whether expenses incurred by petitioner for lodging, meals and laundry during the taxable year 1963 should be allowed as a deduction under section 162(a)(2) of the Internal Revenue Code of 1954[2] as "away from home" expenses. Findings of Fact Some of the facts have been stipulated by the parties and are incorporated herein, along with an exhibit attached thereto, by this reference. Cleo D. Barr and Eloise Barr are husband and wife and were residents of Newark, Tex., at the time the petition herein was filed. Cleo D. Barr, by order dated April 7, 1969, is the sole petitioner in this action. Reference, therefore, to the petitioner will at all times hereafter refer solely to the petitioner, Cleo D. Barr. Petitioner and his wife filed a joint Federal income tax return for the taxable year 1963 with the district director of internal revenue at Dallas, Tex. At all times herein relevant, petitioner and his wife maintained a residence in Newark, Tex. Petitioner was a sheet metal worker and from *165 sometime in 1958 until March 1969 he was employed by the Universal Sheet Metal Company of Fort Worth, Tex. 721 In June 1962 the Universal Sheet Metal Company obtained a contract from the United States Government to remodel a Veteran's Administration hospital located in Des Moines, Iowa. Petitioner was a sheet metal foreman on the project. At its inception, it was expected that the project would be completed in approximately 18 months. However, except for several brief returns to Texas, petitioner remained on the project until December 1964 - a period of about 2 1/2 years. Petitioner was forced to leave the job at that time because of injuries he sustained in an automobile accident. Petitioner's brief visits to Texas were motivated by personal reasons and/or work delays at the construction site. During these returns to Texas, petitioner would, on occasion, discuss various aspects of the Iowa project with his employer and work on other projects. While working on the Iowa project, petitioner received an expense allowance of $42 per week or $2,184 a year from his employer. During the taxable year 1963, petitioner incurred the following expenses while working on the Iowa project: *166 Lodging
$ 936.00
Meals
1,076.75
Laundry 223.60
Total
$ 2,236.35 On his return for the taxable year 1963, petitioner treated these expenditures as deductible business expenses under section 162(a)(2) and offset the full amount of such expenditures against the $2,184 expense allowance received from his employer during the same period. Respondent disallowed these deductions and assessed a deficiency of $459.14 in petitioner's income tax. Opinion Generally, under section 262, a taxpayer's personal living or family expenses are not deductible unless expressly permitted by some other section of the Code. Section 162(a)(2) provides such an exception by permitting a deduction for traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in pursuit of a trade or business. Respondent's revenue rulings also make it clear that reasonable expenditures for laundry will also be allowed as a deduction under section 162(a)(2) provided such expenditures are incurred while traveling away from home in pursuit of the taxpayer's trade or business. [3]
*167 Petitioner contends that the traveling expenses which he incurred during the taxable year 1963 are deductible under section 162. The resolution of this question is purely factual. See, e.g., Leo M. Verner, 39 T.C. 749 (1963). To hold for petitioner we must find that his expenditures for lodging, meals and laundry during the taxable year 1963 were (a) reasonable and necessary, (b) incurred while "away from home" and (c) incurred in pursuit of petitioner's business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). To this last limitation, which, in effect, requires that the expense be necessitated by the exigencies of the employer's business as opposed to the personal preference of the employee, [4] there has been engrafted a judicially approved exception which permits a deduction under section 162 for the cost of travel and lodging where an employee with a well-established tax home accepts "temporary employment" of short duration away from his tax home, even where the decision to incur such expenditures is motivated by reasons personal to the employee. See Peurifoy v. Commissioner, 254 F. 2d 483 (1957), reversing 27 T.C. 149 (1956), *168 affd. 358 U.S. 59 (1958); and Leo M. Verner, supra.
Though the legislative history regarding section 162(a)(2) is scant, it seems clear that the judicially developed exception to 722 the rule of the Flowers case is consonant with the intendment of the statute. The aim of Congress was apparently to mitigate the burden of the taxpayer who, because of the nature of his work, is placed in a position where he has to maintain two places of abode and thereby incur duplicate living expenses. Ronald D. Kroll, 49 T.C. 557 (1968). The section, therefore, is geared to equalizing the burden between the *169 taxpayer whose employment requires business travel and the taxpayer whose employment does not. In effect, the exception to the rule of the Flowers case iterates this intended purpose by asking the question, Whether in a particular case it is reasonable to expect the taxpayer to maintain a residence near his trade or business and thereby incur only one set of living expenses, which are of course nondeductible under section 262. * * * Once this question is asked, the following language from Kroll sets forth the principles to be followed in arriving at an answer: When * * * a taxpayer moves to a new permanent post of employment, it is generally reasonable to expect him to move his residence as well, and if he does not do so, and thereby incurs living expenses at his new post of employment while maintaining his old residence, the duplication * * * does not arise from business needs, but from personal considerations. If, however, the taxpayer's stay at the new post of business is to be temporary - "the sort of employment in which termination within a short period could be foreseen" ( Beatrice H. Albert, 13 T.C. 129, 131 (1949)) - it is not reasonable to expect him to move *170 his residence; so if he incurs living expenses at the temporary post, these are [treated as] traveling expenses required by the trade or business rather than by personal choice, and they are therefore deductible. * * * With this legal backdrop in mind, we can now decide whether the expenditures incurred by petitioner during the taxable year 1963 come within the three requirements of section 162(a)(2) as amplified by the case law we have discussed above. As to the requirement that the expenses sought to be deducted be both reasonable and necessary, respondent has not seen fit to contest the deduction on this ground and we need not decide this question. However, we do note that while on the job, petitioner received a weekly expense allowance of $42, or $2,184 for the year. The $2,236.35 amount taken by petitioner as a section 162(a)(2) deduction exceeded the expense allowance he received (computed on an annual basis) by only $52.35. Having resolved the above question, we now address ourselves to the question of whether the expenditures incurred by petitioner were (a) experienced by him while away from home and (b) in pursuit of his trade or business. Though this issue contemplates *171 two separate questions, we believe that the considerations underlying each question are such that the resolution of one will necessarily yield a solution to the other. We, therefore, deem it appropriate to approach the two questions interdependently. The problem of defining what section 162(a)(2) means by the phrase "away from home" has given rise to considerable litigation and difference in judicial opinion. However, this Court has consistently taken the position that the term "home" refers to the taxpayer's principal place of employment or post of duty at which he is employed, [5] and that a taxpayer is away from home when he is on a work assignment which requires that he leave his principal place of employment for a temporary period of time, i.e., where termination of the temporary work assignment may reasonably be expected to occur within a fixed or reasonably short period of time. Beatrice H. Albert, 13 T.C. 129, 131 (1949); Leo M. Verner, supra; Ronald Kroll, supra. Since "reasonable foreseeability is a function of an ever-changing factual context", [6] determination of this question is purely factual and what once may initially have been *172 viewed as a temporary work assignment may soon become something more akin to indefinite employment.
Where a taxpayer's work assignment at a new post of duty takes on the character of indefiniteness, the new post of duty is treated as his "tax home" and lodging and/or travel expenses which he incurs while working at this new tax home will not qualify as deductions under the "away from home" provisions of section 162(a)(2). As indicated earlier, the rationale behind this dichotomy is integrally connected with the "while in pursuit of business" 723 requirement of section 162(a)(2). Where it can be foreseen that a taxpayer's stay at a new post of duty will be of such duration that it is reasonable to expect him to move his residence to the new place of employment, any duplication of expenses which arises from his decision not to move his residence will be viewed as a personal expense not arising from the requirements of the taxpayer's business. Ronald D. Kroll, supra. Our task, therefore, is to determine whether the *173 petitioner's tour of duty at the Iowa construction project was temporary. Ofttimes this presents a very difficult question. Nevertheless, we have carefully studied the record of this case and all the evidence presented and it is our conclusion that petitioner's work assignment in Iowa was not temporary. Both petitioner and his employer expected that the Iowa project would last for about one and one-half years. As it turned out, petitioner remained on the job for approximately two and one-half years. Therefore, even if we were to minimize the evidentiary weight accorded to petitioner's expectations, the eventual length of his tour of duty weighs heavily against any suggestion that the Iowa project was temporary in nature. Cf. Leo M. Verner, supra.Petitioner attempts to steer us away from this conclusion by arguing that since work delays which extended by one year the length of his Iowa work assignment were totally beyond his control, the time attributable to such delays cannot be considered in determining the nature and duration of the Iowa work assignment. We disagree. The nature of petitioner's Iowa work assignment cannot be accorded "temporary" status merely because *174 the circumstances which caused petitioner to be away from his Texas residence for a nontemporary and indeterminate period of time were totally beyond his control. In this connection, see James R. Whitaker, 24 T.C. 750 (1955), and Willard S. Jones, 13 T.C. 880 (1949). In Whitaker, the petitioner was assigned by his employer to Thule, Greenland, for the greater part of the taxable year in question. During this time he was not permitted to take his family with him to Greenland. In Jones, the taxpayer accepted indefinite employment at Oak Ridge, Tenn. No housing was there available for his family who, because of this situation, was forced to remain in Bakewell, Tenn. - 75 miles away from the taxpayer's new place of work. In both cases the taxpayers sought deductions for duplications in food and lodging expenses and in both cases we denied such deductions, stating in Jones at p. 883: The fact that housing conditions in Oak Ridge were such that it was difficult or impossible to bring his wife there with him is not of any help to petitioner in this case. * * * As a practical matter, the circumstances which necessitated that the petitioner herein be removed *175 from his residence in Texas thereby causing him to incur duplicate living expenses in Iowa were no different than the circumstances which caused the petitioners in the above-cited cases to involuntarily incur duplicate living expenses while separated from their respective families. This being so, we see no reason for permitting petitioner in this case the same type of deduction denied to the petitioners in Jones and Whitaker. In any event, we believe that the year and one-half time period which petitioner expected to spend at the Iowa project was of itself sufficient to characterize the duration of the work assignment as substantial and nontemporary. Cf. James R. Whitaker, supra. However, as stated above, even if we were to assume arguendo that this were not enough, we would still have to hold that once petitioner recognized that the requirements of his work might keep him in Iowa for upwards of two years, his tour of duty at that point became both substantial and indefinite. Cf. Kermit L. Claunch, 29 T.C. 1047 (1958), affirmed 264 F. 2d 309 (C.A. 5, 1959), where (notwithstanding several brief interruptions) consecutive work assignments over *176 a two-year period were treated as indefinite employment. Decision will be entered for the respondent. 724 Footnotes
1. Although admitted to the Court for the purposes of this case only upon condition that he forthwith file an application for admission to the bar of this Court, petitioner's counsel has failed to file such application. He is not, for that reason, herein designated as attorney for petitioner.↩
2. All statutory references are to the Internal Revenue Code of 1954, unless otherwise designated.↩
3. Rev. Rul. 63-145, 1963-2 C.B. 86, states in pertinent part: A taxpayer may deduct, as a part of traveling expenses under section 162(a)(2) of the Internal Revenue Code of 1954↩, his expenditures for laundry (or other cleaning and pressing of clothing) * * * provided such expenditures are reasonable in amount and are incurred while traveling away from home in pursuit of his trade or business.
4. See Commissioner v. Flowers, supra, and the following language of the Court of Appeals in Commissioner v. Peurifoy, 254 F. 2d 483, 486 (1957), reversing 27 T.C. 149 (1956), affd. 358 U.S. 59 (1958): Indeed under the rule of Commissioner of Internal Revenue v. Flowers the expense, in order to be deductible, must be "required by the exigencies" of the employer's business, not those of the calling of the employee. "The job, not the taxpayer's pattern of living, must require the travel." * * *↩
5. Rendell Owens, 50 T.C. 577, 581 (1968); Ronald D. Kroll, supra.↩
6. Leo M. Verner, supra at p. 754↩.