Vincent P. McKilligan v. Commissioner.
McKilligan v. Commissioner
Docket No. 6363-65.
United States Tax Court
T.C. Memo 1968-211; 1968 Tax Ct. Memo LEXIS 90; 27 T.C.M. (CCH) 1045; T.C.M. (RIA) 68211; September 23, 1968, Filed *90 The petitioner, an unmarried individual, lived in California until July 1961. At that time, he began work on a job in Rochester, New York, that lasted until October 1962. Thereafter, he worked on a job in Utica, New York, that lasted from November 1962 until December 1963. During the 1046 first part of 1962, he paid some of the rent of his sister's apartment in California, and in September of that year, he purchased property at Unadilla, New York. Held: The petitioner's expenses for food and lodging inRochester and Utica during 1962 and 1963 were not deductible traveling expenses since the petitioner was not "away from home." Vincent P. McKilligan, pro se, R.D. 1, Unadilla, *91 N. Y. David H. Julian, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined a deficiency in the petitioner's income tax of $845.10 for the taxable year 1962 and $760.79 for the taxable year 1963. The issue for decision is whether certain expenses for food and lodging were incurred by the petitioner while "away from home" within the meaning of section 162(a)(2) of the Internal Revenue Code of 1954. [1] The petitioner also received, but did not include in gross income, allowances from his employer in 1962 as reimbursement for such food and lodging expenses. Findings of Fact Some of the facts were stipulated, and those facts are so found. The petitioner is an unmarried individual who filed Federal income tax returns for the calendar year 1962 with the district director of internal revenue, Syracuse, New York, and for the calendar year 1963 with the district director of internal revenue, Buffalo, New York. In 1943, the petitioner, at the age of 11, moved with his family to Unadilla, New York, where he lived for *92 5 years before moving with his family to Kingston, New York. He graduated from high school in Kingston, and after completing military service, he joined his family, who were then in California. In 1956, the petitioner returned to Unadilla where he lived until 1958, when he again joined his family in California. From July 1959 to October 1959, the petitioner was employed as a draftsman by Admerco, Inc., in Sunland, California. From October 1959 to December 1960, the petitioner was employed by On Mark Engineering Co., Van Nuys, California. From January 1961 to June 1961, he was employed by Northrop Corp. in Van Nuys. The petitioner considered each of these three positions as "permanent" employment. In 1961, the petitioner decided to enter a more highly paid branch of his profession. Many contractors employ technical personnel, such as draftsmen and engineers, for particular projects, when the need is urgent and the project will not last indefinitely. The draftsmen who engage in this type of work are highly paid, but they must be willing to move from project to project and to go anywhere in this country or abroad. There are publications which inform them of such opportunities. *93 In July 1961, the petitioner was hired by the California branch office of Consultants and Designers, Inc., for assignment to a contract job for the Eastman Kodak Company. Such assignment was in Rochester, New York. While on such assignment, the petitioner received a per diem subsistence allowance from his employer that was not included in gross income on his 1962 return. The petitioner was told that the duration of the assignment was 3 months, but the term was extended several times until his employment in Rochester with Consultants and Designers, Inc., was terminated in October 1962. In November 1962, the petitioner was employed by Hamilton Research Associates for assignment to a contract at the Univac Division of Sperry Rand Corporation, Utica, New York. Although the petitioner first believed that the duration of this assignment would be several months, it continued until December 1963. He did not receive a subsistence allowance while working on this assignment. During the first 8 months of 1962, the petitioner paid half of the rent on his sister's apartment in California, where he stored several suitcases. On September 8, 1962, he purchased a "house" near Unadilla, New York. *94 This was a one-room structure with no electric, phone, water, or gas service and no indoor plumbing facilities. The house was about 700 feet from a hard surface road and could be reached only by means of a dirt road. In addition to the house, the petitioner kept a "camper" on the property in which he occasionally slept. 1047 The camper was supplied with gas and water. The petitioner spent some weekends and some time between the assignments in Rochester and Utica at the property. While there, he did some research on the development of an automobile starter. In addition to the amounts paid for the purchase of the property, his only expenses during the years 1962 and 1963 for the property were taxes and some unspecified amounts for repairs. Opinion The basic issue in this case is whether the petitioner's expenses for food and lodging while he worked in Rochester and Utica during 1962 and 1963 are deductible. He considers that his home was in California during the first part of 1962 and in Unadilla, New York, during the rest of 1962 and 1963. He argues that his assignments in Rochester and Utica were temporary and that he was away from home while working on such assignments. *95 Section 162(a) allows a deduction for the ordinary and necessary expenses of traveling while away from home. For traveling expenses to be deductible under this provision, the petitioner must show that such expenses were ordinary and necessary, that they were incurred while he was traveling away from home, and that they were incurred for a business purpose. Commissioner v. Flowers, 326 U.S. 465 (1946). In the case before us, the deductibility of the traveling expenses turns on whether the petitioner was away from home while working in Rochester and Utica. The petitioner apparently believes that his residence was in California and Unadilla during the years 1962 and 1963, but this Court has repeatedly held that the location of a taxpayer's tax home is not based upon his residence.. Ronald D. Kroll, 49 T.C. 557 (1968). In that case, we said: This Court has long and consistently held that "home" as used in section 162 means the vicinity of the taxpayer's principal place of employment and not where his personal residence is located, if such residence is located in a different place from his principal place of employment. * * * But if a taxpayer has a principal *96 place of employment in one location and accepts temporary work at another location, his presence at the second location is regarded as "away from home." * * * However, if the taxpayer, having a principal place of employment in one location, accepts work at another location which is not temporary but is of indefinite or indeterminate period, his presence at the second location is not regarded as "away from home." * * * The purpose of the "away from home" provision is to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses. * * * [49 T.C. at 561] In James v. United States, 308 F. 2d 204 (C.A. 9, 1962), the court, in discussing the reasons for allowing a deduction for traveling expenses while away from home, concluded that the deduction is allowed because traveling expenses ordinarily exceed the expenses of living at home and because a taxpayer who is traveling in his business may have to incur duplicate living expenses. The court said that the deduction is allowed only when the taxpayer has a "home," the maintenance of *97 which involves substantial continuing expenses which will be duplicated by the expenditures which the taxpayer must make when required to travel elsewhere for business purposes. [308 F. 2d at 207] When these tests are applied to the facts of this case, it is clear that the petitioner is not entitled to a deduction for his living expenses while working in Rochester and Utica. In the first place, the petitioner did not continue to have a principal place of employment in California after he left there in 1961; nor did he have a principal place of employment in Unadilla in 1962 and 1963. Howe A. Stidger 40 T.C. 896 (1963), revd. 355 F. 2d 294 (C.A. 9, 1965), revd. 386 U.S. 287 (1967); Leo M. Verner 39 T.C. 749 (1963); Mort L. Bixler, 5 B.T.A. 1181 (1927). The evidence shows that when he left California in 1961, he began a new type of work. Under the new arrangement, he expected to move from one short-term employment to another, anywhere in or out of the United States. He then became a man on the move. Scotten v. Commissioner, 391 F. 2d 274 (C.A. 5, 1968), affg. per curiam 25 T. C.M. 1054, 35 P.-H. Memo. T.C. par. 66,206 (1966); *98 Kenneth H. Hicks, 47 T.C. 71 (1966). He did not expect to return to California in the foreseeable future, and he never acquired any principal place of employment in Unadilla during the years before us. The petitioner may have engaged in some productive work in Unadilla on the automobile starter, but such activity did not constitute his principal employment. Moreover, in view of the lack of services 1048 and remote location, the property appears to have been more suitable as a weekend retreat than as a full-time residence for one whose principal employment was in Unadilla. In addition, the petitioner has failed to furnish us with evidence as to the amount which he contributed toward the rent of his sister's apartment. We do not know whether it was a large or small apartment, or whether it was expensive or inexpensive. Also, we have not been told exactly what was spent on the Unadilla property. We do know that the only expenses were for taxes and some repairs. Despite the lack of specific information, it seems clear that the amounts spent by the petitioner for these purposes were not substantial and continuing. The evidence before us does not show a taxpayer who is *99 burdened with the expenses of maintaining both a permanent home and a temporary home. The petitioner's expenses for maintaining the Unadilla property were slight, and it would be a miscarriage of the law to allow them to constitute a basis for deducting his living expenses while working in Rochester and Utica. Thus, we hold that the petitioner has failed to prove that he had a permanent tax home which he was away from while working in Rochester and Utica. Since we have found that the petitioner was not away from home during 1962 and 1963, the subsistence allowances which he received in 1962 to cover his living expenses while working on the Rochester project are includable in his income. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩