ROBERT F. GREEN AND HARRIET L. GREEN, PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15352.   Promulgated April 29, 1949.

*W. W. Sullivan, Esq.*, for the petitioners.
*Elmer L. Corbin, Esq.*, for the respondent.

## OPINION.

OPPER, *Judge*: We can not distinguish this proceeding in any particular from *Ney* v. *United States* (Dist. Ct., Ark.), 77 Fed. Supp. 1005; affd. (C. C. A., 8th Cir.), 171 Fed. (2d) 449. As in that case petitioner spent all but a few days of the year in employment away from what he contends was his "home," although he received a considerable portion of his income from services performed at the latter place. In both cases respondent allowed a deduction representing the cost of actual transportation, but the issue is his disallowance of the claimed item of meals and lodging at the place where petitioner spent the greater part of his time. Petitioner himself characterizes this as his "main employment," and the record demonstrates that,

as in *S. M. R. O'Hara*, 6 T. C. 841, he "was free to devote to" his other activities only his "leisure time." In the *Ney* case, deduction of living expenses at what amounted to the taxpayer's principal post of duty was not permitted. Whether a further amount would have been allowed for board and lodging for the few days spent at the taxpayer's original "home," had they been claimed and proved, can not be ascertained from the record in that case, but consideration of the question is unnecessary, since claim and proof are equally absent here. On the authority of that case, the principal issue must be decided in respondent's favor. See also *S. M. R. O'Hara, supra; York* v. *Commissioner* (App. D. C.), 160 Fed. (2d) 385.

The expenses of petitioner's automobile used to transport him between his place of abode and his business are likewise not deductible. *E. C. O'Rear*, 28 B. T. A. 698; affd. (C. C. A., 6th Cir.), 80 Fed. (2d) 473; *Frank H. Sullivan*, 1 B. T. A. 93.

*Decision will be entered for the respondent.*