A. LAWRENCE WASHBURN, JR. AND SUSANNE WASHBURN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Washburn v. Commissioner
Docket No. 8580-88
United States Tax Court
T.C. Memo 1991-195; 1991 Tax Ct. Memo LEXIS 219; 61 T.C.M. (CCH) 2529; T.C.M. (RIA) 91195; May 1, 1991, Filed *219 Decision will be entered under Rule 155. A. Lawrence Washburn, Jr., pro se. Scott P. Borsack, for the respondent. SWIFT, Judge. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in petitioners' 1984 Federal income tax liability and additions to tax as follows: Additions to Tax, Secs. [1] Deficiency 6653(a)(1)
6653(a)(2) 6661
$ 11,315.20
$ 565.76
50% of the interest
$ 2,828.80
due on $ 8,053.00
After settlement of a number of issues, the primary issues remaining for decision are: (1) Whether petitioners, as cash basis taxpayers, may claim a bad debt deduction under section 166 for an unpaid debt with respect to which they had no tax basis; (2) whether petitioner Susanne Washburn may deduct under section 162 expenses incurred in traveling *220 between her residence in Vermont and her place of business in New York City; and (3) whether petitioners are liable for additions to tax as determined by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners resided in Dorset, Vermont, at the time they filed their petition in this case. Petitioner A. Lawrence Washburn is an attorney, licensed to practice law in the State of New York. After graduating from law school in 1966, Mr. Washburn worked for several law firms in New York City, where he resided with his wife, petitioner Susanne Washburn, and three children. Due to financial difficulties, petitioners in 1978 sold their apartment in New York City, and from 1978 until 1983 petitioners and their children resided in the apartment of Mr. Washburn's mother, also in New York City. In 1983, Mr. Washburn's mother sold her apartment and moved to a nursing home. Petitioners then moved their family to a summer residence in Vermont, where they lived during 1983 and 1984. Petitioners borrowed approximately $ 44,000 from a local bank to make the Vermont residence suitable for year-round occupancy. During 1984, Mr. Washburn rendered legal *221 services to Gene Crescenzi for which he billed Mr. Crescenzi $ 10,525. Mr. Washburn maintained records with respect to his practice of law on the cash method of accounting, and Mr. Washburn did not include the $ 10,525 billed to Mr. Crescenzi in income for 1984 (nor for any other year). During 1984 and up to the time of trial, Mr. Crescenzi failed to pay Mr. Washburn the $ 10,525. During 1984, Mrs. Washburn worked part-time for Time Magazine at its office in New York City. Generally, on Wednesday mornings, Mrs. Washburn drove with her husband from their residence in Vermont the 215 miles into New York City. On Wednesdays, Thursdays, and Fridays of each week, Mrs. Washburn worked at the Time Magazine office. On Wednesday and Thursday evenings, petitioners stayed overnight in New York City at an apartment they maintained with a friend. On Friday afternoons, Mr. Washburn alone drove the family automobile the 215 miles back to petitioners' residence in Vermont. Mrs. Washburn worked at the Time Magazine office in New York City until late on Friday evenings and then returned alone by bus to petitioners' residence in Vermont. Petitioners' total actual automobile expenses for their *222 trips from their residence in Vermont to New York City are not entirely clear from the record. Mrs. Washburn's total bus fare in 1984 for traveling Friday evenings from New York City to petitioners' residence in Vermont was $ 1,625. During 1984, total deposits to petitioners' bank accounts were $ 83,330. The sources and amounts of the deposits identified at trial were as follows: Source
Amount
Susanne's wages
$ 21,789
Mr. Washburn's law practice
29,525
Interest
70
Returned checks
554
Medical insurance reimbursements
404
Miscellaneous nonincome items
633
Mortgage proceeds
28,394
Miscellaneous income
600
TOTAL
* $ 81,968
The $ 1,362 difference between the total bank deposits of $ 83,330 and the identified deposits of $ 81,968 was not identified by petitioners beyond a general assertion that it did not represent income. On their 1984 joint Federal income tax return, petitioners claimed a deduction for *223 business travel expenses under section 162 with respect to Mrs. Washburn's pro rata share (one-half) of the mileage for their weekly trips from their Vermont residence to New York City. Petitioners also claimed a deduction for the $ 1,625 in bus fare for Mrs. Washburn's return trips from New York City to Vermont. As indicated, Mr. Washburn did not report as income the $ 10,525 in legal fees billed to Mr. Crescenzi, but Mr. Washburn did claim a bad debt deduction for that amount on petitioners' 1984 tax return. Respondent denied the above deductions and determined that petitioners had $ 10,362 in unexplained bank deposits that represented additional gross income to petitioners. Only $ 1,362 of the $ 10,362 in bank deposits that was charged to petitioners as income remains in dispute. With regard to the bad debt deduction, respondent has conceded that the $ 10,525 claimed by petitioners as a bad debt deduction was a valid debt arising from a debtor-creditor relationship created in the course of a trade or business, and that it became worthless in 1984. Respondent, however, denies petitioners' entitlement to a bad debt deduction with respect thereto because Mr. Washburn had no *224 tax basis in the debt. OPINION Bad Debt Deduction
Section 166 provides that a deduction will be allowed for debts that become wholly worthless within the year. Worthless debts, however, that relate to unpaid fees or similar unpaid income items will be allowed as deductions only if they have been included in income during the year for which the deduction is sought or for an earlier year. Sec. 1.166-1(e), Income Tax Regs.; Davis v. Commissioner, 88 T.C. 122, 142 (1987), affd. 866 F.2d 852 (6th Cir. 1989); Gertz v. Commissioner, 64 T.C. 598, 600 (1975). Because Mr. Washburn never included the $ 10,525 in unpaid legal fees in his income, he is not entitled to a bad debt deduction with respect thereto. Travel Expenses
Section 162(a)(2) provides that a deduction will be allowed for the ordinary and necessary expenses of a trade or business, including travel expenses incurred while away from home in pursuit of a trade or business. Expenses of commuting from one's home to one's primary place of business are not considered business expenses and are not deductible. Sec. 1.162-2(e), Income Tax Regs.
Under Commissioner v. Flowers, 326 U.S. 465, 470, 90 L. Ed. 203, 66 S. Ct. 250 (1946), *225 travel expenses must meet three requirements to be deductible. They must be reasonable and necessary, they must be incurred while away from home, and the expenses must be directly related to the carrying on of a trade or business. Petitioners contend, in essence, that they were forced by economic hardship rather than personal preference to live in Vermont. They contend, therefore, that Mrs. Washburn's travel to and from New York City was necessary for the carrying on of her trade or business. Respondent contends that financial hardship is a personal matter, rather than a business consideration, and that it will not transform what is otherwise a personal commuting expense into a deductible travel expense. In analyzing claimed travel expenses, this Court has traditionally used a "tax home" analysis where the location of a taxpayer's residence is not clear or does not coincide with his or her principal place of business. Horton v. Commissioner, 86 T.C. 589 (1986); Leamy v. Commissioner, 85 T.C. 798 (1985); Barone v. Commissioner, 85 T.C. 462 (1985), affd. without published opinion 807 F.2d 177 (9th Cir. 1986); *226 Kroll v. Commissioner, 49 T.C. 557 (1968); Stidger v. Commissioner, 40 T.C. 896 (1963), revd. 355 F.2d 294 (9th Cir. 1965), revd. 386 U.S. 287, 18 L. Ed. 2d 53, 87 S. Ct. 1065 (1967); Green v. Commissioner, 12 T.C. 656 (1949). The United States Court of Appeals for the Second Circuit (to which an appeal in this case lies) has, however, declined to use the tax home analysis and has instead focused on whether the expenses have a direct connection to the taxpayer's trade or business. Six v. United States, 450 F.2d 66, 69 (2d Cir. 1971); Rosenspan v. United States, 438 F.2d 905, 911-912 (2d Cir. 1971). See also Stemkowski v. Commissioner, 690 F.2d 40, 48-49 (2d Cir. 1982), affg. in part and revg. and remanding in part 76 T.C. 252 (1981). Clearly, in the Second Circuit, expenses that are incurred because of a taxpayer's personal choice of where to live are not deductible. McCabe v. Commissioner, 688 F.2d 102, 106 (2d Cir. 1982), affg. 76 T.C. 876 (1981); Carragan v. Commissioner, 197 F.2d 246, 249 (2d Cir. 1952), *227 affg. a Memorandum Opinion of this Court. This authority requires the disallowance of Mrs. Washburn's share of the automobile expenses and the bus expenses she incurred in traveling each week back and forth between New York City and petitioners' residence in Vermont. New York City was Mrs. Washburn's only place of business, and for personal reasons she chose to live in Vermont. The fact that it was less expensive to live in Vermont does not convert her personal commuting expenses into deductible business expenses. Unreported Income
With regard to the $ 1,362 in unexplained bank deposits still in dispute, the burden is on petitioners. Rule 142(a). Petitioners have not offered any proof as to the origin of the $ 1,362, and we therefore treat the $ 1,362 as income. Additions to Tax
Additions to tax under section 6653(a)(1) apply where any part of a deficiency is due to negligence or to intentional disregard of rules or regulations. Negligence is defined as the failure to use due care or to do what a reasonable and ordinarily prudent person would have done under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Intentional disregard *228 of rules or regulations has been found where taxpayers departed from the plain language of the applicable statutes or regulations, absent a showing that such language produces absurd or unfair results or contravenes the intent of Congress. Druker v. Commissioner, 697 F.2d 46, 53 (2d Cir. 1982), affg. in part and revg. in part 77 T.C. 867 (1981). Respondent's determination is presumptively correct and the burden is on petitioners to prove that they were not negligent. Betson v. Commissioner, 802 F.2d 365, 372 (9th Cir. 1986), affg. in part and revg. in part a Memorandum Opinion of this Court; Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Petitioners made several mistakes on their 1984 Federal income tax return. They claimed a bad debt deduction that was clearly not allowed by the plain language of applicable regulations. We hold that petitioners are liable for the additions to tax under section 6653(a)(1). We also hold that petitioners are liable for the additional interest under section 6653(a)(2) with respect to the portion of the tax deficiency arising from the disallowance of the bad debt deduction, *229 Mrs. Washburn's travel expenses, and the $ 1,362 in unreported income. Section 6661 imposes an addition to tax if there is a substantial understatement of income tax in a given year. An understatement is defined as the excess of the amount of tax required to be shown on the tax return over the amount of tax actually shown on the return as filed less any rebates. A substantial understatement is one that exceeds the greater of either 10 percent of the tax required to be shown on the return or $ 5,000. In calculating understatements under section 6661, items for which there is substantial authority or with respect to which all relevant facts were adequately disclosed in the tax return, or in a separate statement attached to the tax return, are not to be considered. Sec. 6661(b)(2)(B). Petitioners have not shown that they had substantial authority for the three adjustments at issue, nor that they adequately disclosed the relevant facts with respect thereto on their 1984 tax return. Petitioners also are liable for the addition to tax under section 6661. Decision will be entered under *230 Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Due to rounding, the total does not reflect the sum of the amounts shown in the column.↩